By the Court,
Hawley, C. J.:
Tbe statute provides that tbe writ of mandamus may be issued “to compel tbe performance of an act wliicb tbe law specially enjoins as a duty resulting from an office, trust or station.” (1 Comp. L. 1508.)
Tbe writ ‘ ‘ sliall be issued in all cases where there is not a plain, speedy and adequate remedy in tbe ordinary course of law. It shall be issued upon affidavit, on the application of tbe party beneficially interested.” (1 Comp. L. 1509.)
Tbe affidavit presented by relator avers: “That ~W. IV. Hobart is tbe duly elected, qualified and acting state controller of tbe state of Nevada; that tbe said W. W. Hobart, state controller’, lias, in bis official capacity and keeping, duplicate or authenticated copies of tbe quarterly tax-lists or assessment-rolls of tbe proceeds of mines in Storey *411 county, * * for the following years, viz.: A. D. 1866, a. d. 1867, a. d. 1868, a. d. 1869, a. d. 1870, A. d. 1871, a.d. 1872, a. D. 1873, A. D. 1874, and A. d. 1875; that affiant is informed and believes, and therefore alleges the fact to be, that the original quarterly tax-lists, or assessment-rolls, of the proceeds of mines, as above named, were entirely destroyed by fire in said Storey county, on or about the twenty-fifth day of October, A. D. 1875; that the said duplicates, or authenticated copies, of said tax-lists, or assessment-rolls, in the office of the said state controller are a part of the public records of the state of Nevada; that affiant is informed and believes, and therefore alleges the fact to be, that divers and many corporations, owners of and working the mines in said Storey county, are indebted to and are now owing the state of Nevada, and county of Storey, large sums of money as taxes on the proceeds of said mines during and for the several years last above mentioned; that affiant is the duly elected, qualified and acting district attorney of said Storey county, * * * and as such officer it is his duty to demand, sue for and collect said sums of money from said corporations, and that it is his intention and desire so to do; that affiant is unable to ascertain the necessary facts and data upon which to institute suits to recover said sums of money, * * from any other source than from the said duplicate or authenticated copies; * * * that affiant * * * on the fifteenth day of October, A. D. 1877, demanded inspection of the said duplicate tax-lists or assessment-rolls; that said demand was made of the said AY. AY. Hobart, state controller, at his office, during the business hours thereof, for the purpose of procuring the facts and data, as hereinafter indicated, •which said purpose was then and there known to, and explained to, said AY. AY. Hobart; that the said AY. AY. Hobart then and there unjustly refused to allow affiant, or any person in his behalf, to inspect the same, or take copies thereof, or to furnish copies thereof, or make computations therefrom, and further declared his intention to continue to so refuse to allow inspection, or permit copies thereof to be made; * * * that for the proper preparation and *412 prosecution of suits to recover the moneys due as herein-before set forth, it is necessary for him to be furnished with properly certified copies of every and all the said duplicate quarterly tax-lists, or assessment-rolls, for the several years hereinbefore specified.”
Respondent, in his answer, denies “that divers or many corporations, or any corporations, owning or working mines in Storey county are indebted to or owing the state of Nevada large or any sums of money as taxes on the proceeds of mines during or for the years” mentioned in relator’s affidavit, “or for either of said years, or any part thereof;” denies that for the proper, or any, preparation or prosecution of suits to recover moneys due, as in the affidavit of relator set forth, it is necessary for relator to be furnished with properly, or otherwise, certified copies of every, or all, or any of the duplicate quarterly tax-lists, or assessment-rolls, for the several or any of the years, or any part of the years, in relator’s affidavit hereinbefore referred to; denies that he hath refused to allow relator, or any person in his behalf, to inspect said duplicate quarterly tax-lists, or assessment-rolls, or any of them.” Respondent further alleges “ that the making of certified copies of the duplicate quarterly tax-lists, or assessment-rolls, is not a duty resulting from the office of controller of the state of Nevada, nor a duty specially enjoined upon him as such officer.”
The relator demurs to this answer upon the ground that it is insufficient in law to constitute any defense. Our attention has not been called to any provision of the law which enjoins upon the controller the duty of making certified copies of the books, statements, papers or accounts, referred to in the relator’s affidavit, where no part of the taxes sought to be collected are due to tlio state. This is optional with the controller', and is independent of the real question at issue in this proceeding.
The office of state controller is an office of public trust, its emoluments belong to the individual officer; but the office is conferred upon the individual for the benefit of the public. If the acts which the respondent refused to perform are in their nature of such a character as concerns the *413 public interests, and are acts which the law requires to be performed by the state controller, it is the duty of this court, under the provisions of the statute, to issue its mandate to compel the performance of such duties.
Upon the first point there certainly ought not to be any controversy. The respective county governments are a part of the state government, and belong to the same political society, and the state is interested in having the delinquent taxes due the respective counties collected, whether any portion thereof belongs to the state or not. It is equally clear that the district attorney is a proper party to institute these proceedings. The collection of delinquent taxes due the county and state by suit, is a duty specially imposed upon the district attorney.
Does the law enjoin upon the state controller the duty of allowing the inspection demanded by the district attorney? We are of opinion that it does. The statute, in defining the duties of the state controller, provides that “all the books, papers, files, letters, and transactions pertaining to the office of controller shall be open to the inspection of the governor; to the inspection of committees and members of the legislature, or either branch thereof, of that of any other person authorized by law.” (2 Comp. L. 2822.)
It was stated in the oral argument of respondent’s counsel, that the sole object of the controller' in resisting the demands of the relator, was to procure from this court an interpretation of this section of the statute, in order that he might be fully advised in regard to his duties.
From the view we entertain of this case it is not necessary to particularly inquire as to the intention of the legislature in passing this law. It will be admitted that the the statute, prior to the adoption of this section, did not in express terms require the state controller to exhibit his books and accounts to the inspection of the governor or members of the legislature, and that this section was inserted in order to secure that particular right. But it is evident that it was not the intention of the legislature to confine the right of inspection solely to the governor and members of the legislature. It will be observed that the *414 legislature, recogniziug the fact that other persons were authorized to make an inspection, in express terms declared it to be the duty of the controller to allow such inspection to be made by “any other person authorized by law.” This provision of the statute, however, is general, and relates to the entire records in the controller’s office. The question raised by the averments in relator’s affidavit applies only to the right of the district attorney to examine such books, statements, papers, and accounts as relate to the delinquent taxes on the proceeds of mines, and it is therefore proper to limit our inquiry to this particular branch of his duties.
We find in the revenue law a provision as follows: “ The books, papers and accounts of each officer in regard to the assessment or collection of taxes, or to the receiving, auditing or disbursing moneys of the state, or of any county, shall, at all times during office hours, when not necessarily in use by the officers, be open to any person whomsoever to inspect or copy, without any fee or charge.” (2 Comp. L. 3202.)
If this section applies to the office of state controller, all argument is at an end in relation to his duties in reference to the real question presented in this proceeding.
In determining its applicability it must be remembered that the state controller is the auditing officer of the state. It is his duty to keep and state all accounts between the state and all persons or corporations or officers indebted to the state, or intrusted with the collection, disbursement or management of any money belonging to the state, of every kind, character and description Avhatsoever, and to “examine and settle the accounts of all county treasurers, and other collectors and receivers of all state revenues, taxes, tolls and incomes levied or collected by any act of the legislature and payable into the state treasuiy, and certify the amount or balance to the state treasurer,” and to “keep fair, clear, distinct and separate accounts of all the revenues * * of the state, and also all the expenditures, disbursements and investments thereof” (2 Comp. L. 2811); to draw all warrants upon the treasury for money (2 Comp. L. 2812, 2813), and in certain cases “to direct the attorney-general *415 to institute suit for tlie recovery of the amount due” the state. (2 Comp. L. 2816.) In the act defining the duties of state controller, after specifying many of liis duties, it is provided that he “shall perform all such other duties, not enumerated in this act, as may be required by law.” (2 Comp. L. 2821.)
In the revenue act it is made the duty of the county auditors to transmit to the state controller a statement, in such form as the controller of state may require, of all and each particular kind of property delinquent, and the total amount of delinquent taxes (2 Comp. L. 3146), and the amounts stricken off the delinquent lists by the board of county commissioners. (2 Comp. L. 3164.)
In the act relating to the proceeds of mines it is made the duty of the county auditor to prepare a statement of the total number of tons of ore, quartz or mineral, bearing gold and silver, listed upon the assessment roll, the total value thereof and the total amount of taxes on the same. This statement must be forwarded to the controller of state. (Yol. 2, Comp. L. 3219.) It is also made the duty of the county auditor to transmit to the controller a statement, in such form as the controller may direct, of the total amount of delinquent taxes on the proceeds of mines. (2 Comp. L. 3225.)
From the various provisions of the act defining the duties of the state controller, the revenue acts and acts relating to the proceeds of mines, we are of opinion that respondent is one of the officers to whom section 3202 applies, and that it is his duty to allow the relator to inspect any and all books, papers, statements and accounts on file or of record in his office relating to the taxes on the proceeds of mines in Storey county during the several years mentioned in relator’s affidavit, and to allow the relator to make copies thereof or abstracts or computations therefrom, free of charge, at any time during office hours, when the same are not necessarily in use by the state controller.
Let the writ issue to compel the performance of this duty.