## *Ex parte* THE STATE OF NEBRASKA.

### PETITION FOR WRIT OF MANDAMUS.

No. 15, Original.    Argued March 17, 1908.—Decided April 20, 1908.

Mandamus will not lie to correct the decision of the Circuit Court that a
party to the record—in this case a State—is not an indispensable party
to the suit, and that a separable and removable controversy exists.
Such a decision is within the jurisdiction and judicial discretion of the
court and can be reviewed by appeal after final judgment in the case.

The mere presence on the record of a State as a party plaintiff will not de-
feat the jurisdiction of the Federal court when it appears that the State
has no real interest in the controversy; and it is the duty of the Circuit
Court to ascertain whether the State is an actual party by consideration
of the nature of the suit and not by reference to the nominal parties.

The Circuit Court having held that the State of Nebraska was not an actual
and necessary party plaintiff to a suit, brought in its name by the At-
torney General against a non-resident railroad company to enjoin it from
charging more than the rates fixed in a statute of the State and from
disobeying orders of the State Railway Commission, refused to remand
the case; as such decision may clearly have been correct, was within
the jurisdiction of the Circuit Court, and involved no abuse of judicial
discretion, this court will not review the decision on petition for man-
damus.

On June 15, 1907, the State of Nebraska; William T. Thomp-
son, Attorney General; Nebraska State Railway Commission;
Hudson J. Winnett, J. A. Williams and Henry T. Clarke, Jr.,
as members of the Nebraska State Railway Commission of
the State of Nebraska brought suit against the Chicago, Bur-
lington and Quincy Railway Company to enjoin that company
from charging more for the transportation of freight and
passengers within the State of Nebraska than the rates fixed
for such transportation in certain acts of the legislature of
the State of Nebraska, and also from disobeying the orders
of the Nebraska State Railway Commission, and from conceal-
ing from that commission the condition of its business, and
from making any unlawful discrimination in violation of the
state statute.

June 22, the defendant company filed its petition for the removal of the action to the Circuit Court of the United States. The petition for removal alleged:

"Your petitioner further avers that in the above-entitled suit there is a controversy which is wholly between citizens of different States, to wit: A controversy between your petitioner, Chicago, Burlington & Quincy Railway Company, which your petitioner avers was at the time of the commencement of this suit, ever since has been and now is a corporation created and existing under and by virtue of the laws of the State of Iowa; the said William T. Thompson, Attorney General of the State of Nebraska, one of the plaintiffs, who your petitioner avers was, at the time of the commencement of this action, ever since has been and still is a citizen and resident of the State of Nebraska; the Nebraska State Railway Commission, a board organized under the laws of the State of Nebraska for the supervision of railways in said State, and the members composing the said board, whom your petitioner avers were, at the time of the commencement of this suit, ever since have been and still are citizens and residents of the State of Nebraska; the said Hudson J. Winnett, one of the plaintiffs and a member of the aforesaid Nebraska State Railway Commission, who your petitioner avers was, at the time of the commencement of this action, ever since has been and still is a citizen and resident of the State of Nebraska; the said J. A. Williams, one of the plaintiffs and a member of the aforesaid Nebraska State Railway Commission, who your petitioner avers was, at the time of the commencement of this action, ever since has been and still is a citizen and resident of the State of Nebraska, and the said Henry T. Clarke, Jr., one of the plaintiffs and a member of the aforesaid Nebraska State Railway Commission, who your petitioner avers was, at the time of the commencement of this action, ever since has been and still is a citizen and resident of the State of Nebraska. And your petitioner avers that it was not at the time of the commencement of this suit, nor since has been

and is not now a resident or citizen of the State of Nebraska.

"Your petitioner further avers that the State of Nebraska as a party plaintiff in the said suit, is not a proper or necessary party in the said suit; that the said State of Nebraska is not the real party in interest in the said suit; that the said State of Nebraska has no interest, beneficial or otherwise, in the said suit, and has been named as a party plaintiff simply for the purpose of depriving the Circuit Court of the United States of jurisdiction over this suit."

Bond was filed with the petition for removal and also the transcript of the record in the office of the clerk of the Circuit Court of the United States for the District of Nebraska on the third day of July, 1907.

Plaintiffs then, on July 12, filed a motion to remand the case to the Supreme Court of the State of Nebraska, on the ground that the Circuit Court of the United States did not have jurisdiction over the subject-matter of said action or of the parties thereto, and had no jurisdiction to hear or determine the cause. The motion to remand, having been argued and submitted to the court, was overruled for reasons set forth in an opinion.

Subsequently leave was granted to file a petition in this court for a writ of mandamus directing the remanding of the action to the Supreme Court of the State of Nebraska, and, being filed, a rule was entered thereon directing the District Judges for the District of Nebraska, holding the Circuit Court of the United States in and for that district, to show cause why said petition for mandamus should not be granted.

The judges made due return to the rule, in which, after reciting the proceedings had in the Circuit Court, they stated that it became and was their duty as judges holding that court to hear the argument on the motion to remand and consider and decide that motion, which, pursuant to said duty, the said judges heard and decided accordingly. They further showed that the motion to remand was denied by the judges

holding the Circuit Court, in the exercise of the jurisdiction conferred upon them by law, and that their decision upon the motion was in the exercise of judicial judgment and discretion vested in them. The return, and as a part thereof, was accompanied. by a complete transcript of the record of the cause in the Circuit Court.

*Mr. William T. Thompson*, Attorney General of the State of Nebraska, and *Mr. William B. Rose* for petitioner:

Where a Circuit Court of the United States has no jurisdiction over a cause removed by defendant from a state court and refuses to remand it upon a proper motion, mandamus is plaintiff's remedy.

The State of Nebraska is a party plaintiff on the record of the case commenced in the Supreme Court of Nebraska, and it is the real and necessary party plaintiff. It is not a citizen within the removal acts of Congress. The Circuit Court of the United States acquired no jurisdiction by removal and its refusal to remand was without authority of law and mandamus requiring the United States district judges to remand the case to the state court is the remedy of the State of Nebraska. *Ex parte Wisner*, 203 U. S. 449.

The present application is within the rule stated, and mandamus is the proper remedy. The Circuit Court of the United States was wholly without jurisdiction to proceed in the case as removed from the Supreme Court of Nebraska.

Under the constitution of the State of Nebraska, as interpreted by the Supreme Court thereof, that State may become a plaintiff and maintain in the Supreme Court of the State a suit in equity to promote the general welfare by protecting the public from oppressions, extortions or other injuries, though the State of Nebraska has no pecuniary or property interest in the suit. *In re Debs*, 158 U. S. 584; Constitution of Nebraska, Art. 6, § 2; *Sheppard* v. *Graves*, 14 How. 504; *State* v. *Commercial State Bank*, 28 Nebraska, 682; *State* v. *Exchange Bank of Milligan*, 34 Nebraska, 200; *Burton* v. *United States*,

202 U. S. 344, and cases cited; *Attorney General* v. *Great Northern Railroad Co.*, 1 Drewry & Smale, 154; *Stockton, Attorney General,* v. *Central Railway Co.*, 50 N. J. Eq. 80; *Trust Co.* v. *Georgia*, 109 Georgia, 748; *Attorney General* v. *Jamaica Pond Aqueduct Co.*, 133 Massachusetts, 363; *Louisville & Nashville Railway Co.* v. *Commonwealth*, 97 Kentucky, 695; *Attorney General* v. *Railway Companies*, 35 Wisconsin, 529.

*Mr. William D. McHugh* and *Mr. Maxwell Evarts* for respondents:

Mandamus is not the proper remedy in this case. The writ of mandamus cannot be used to perform the office of an appeal or writ of error; it will not issue to compel the Circuit Court to reverse its decision refusing to remand a case removed by a defendant on the ground that there is, in the case, a controversy wholly between citizens of different States, to the complete determination of which controversy, one of the plaintiffs of record is not an indispensable or necessary party. Such a decision, being within the jurisdiction and discretion of the court, should be reviewed after final judgment by appeal or writ of error. *United States* v. *Lawrence*, 3 Dall. 42; *Ex parte Bradley*, 7 Wall. 364; *Ex parte Loring*, 94 U. S. 418; *Ex parte Hoard*, 105 U. S. 578, and cases cited; *In re Pollitz*, 206 U. S. 323, and cases cited. *Ex parte Wisner*, 203 U. S. 449, discussed and distinguished.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The motion to remand presented for decision the question whether there was in the case a controversy wholly between citizens of different States, to the complete determination of which the State of Nebraska was not an indispensable party. If defendant's contention was correct, the action could have been originally brought in the Federal court and its jurisdiction of the case was complete on removal. The Circuit Court

was called upon to determine that question and to exercise judicial discretion in deciding it. This being so, its jurisdiction was complete, and if it erred in its conclusions the remedy is not by writ of mandamus, which cannot be used to perform the office of an appeal or writ of error. The applicable principles have been laid down in innumerable cases. *Ex parte Bradley*, 7 Wall. 364; *Ex parte Loring*, 94 U. S. 418; *In re Rice*, 155 U. S. 396; *In re Atlantic City Railroad*, 164 U. S. 633.

It appeared in the case of *Pollitz, Petitioner*, 206 U. S. 323, that Pollitz had brought suit in the Supreme Court of New York against the Wabash Railroad Company and a number of defendants. Pollitz was a citizen of the State of New York; a number of the defendants were citizens of the State of New York; the Wabash Railroad Company was a corporation organized under the laws of States other than New York. The Wabash Railroad Company filed a petition to remove the case to the Circuit Court of the United States for the Southern District of New York. The petition for removal alleged that there was, in the cause, a controversy wholly between citizens of the different States, to the determination of which controversy the defendants, citizens of the State of New York, were not indispensable or necessary parties. The cause was removed and Pollitz made a motion to remand, which was denied. Pollitz applied to this court for a writ of mandamus directing the remanding of the cause to the state court. The rule was entered, and a return was made to the effect that the order denying the motion to remand had been made and entered in the exercise of the jurisdiction and judicial discretion conferred upon the Circuit Judge by law, and for the reasons expressed in the opinion filed with the order.

The rule was discharged and the petition dismissed, and the court said (330):

"The suit was commenced in the state court by a citizen and resident of the city, county and State of New York against a corporation, a citizen of the State of Ohio, and other defendants, many of whom were residents and citizens of the

State of New York, the value of the matter in dispute, exclusive of interest and costs, exceeding the jurisdictional sum.

"The defendant, the Wabash Railroad Company, a citizen of Ohio, filed its petition and bond in proper form for the removal of the suit into the United States Circuit Court for the Southern District of New York, on the ground of separable controversy so far as it was concerned, and it was removed accordingly. A motion to remand was made and denied by the Circuit Court, which held that the controversy was separable, and that the other defendants were not indispensable or necessary parties to the complete determination of that separable controversy.

"The issue on the motion to remand was whether such determination could be had without the presence of defendants other than the Wabash Railroad Company, and this was judicially determined by the Circuit Court, to which the decision was by law committed.

"The application to this court is for the issue of the writ of mandamus directing the Circuit Court to reverse its decision, although in its nature a judicial act and within the scope of its jurisdiction and discretion.

"But mandamus cannot be issued to compel the court below to decide a matter before it in a particular way, or to review its judicial action had in the exercise of legitimate jurisdiction, nor can the writ be used to perform the office of an appeal or writ of error.

"Where the court refuses to take jurisdiction of a case and proceed to judgment therein, when it is its duty to do so, and there is no other remedy, mandamus will lie unless the authority to issue it has been taken away by statute. *In re Grossmayer, Petitioner*, 177 U. S. 48; *In re Hohorst, Petitioner*, 150 U. S. 653. And so where the court assumes to exercise jurisdiction on removal when on the face of the record absolutely no jurisdiction has attached. *Virginia* v. *Paul*, 148 U. S. 107; *Ex parte Wisner*, 203 U. S. 449.

"In *In re Hohorst, Petitioner,* 150 U. S. 653, the bill was filed in the Circuit Court of the United States for the Southern District of New York against a corporation and certain other defendants, and was dismissed against the corporation for want of jurisdiction. From that order complainant took an appeal to this court, which was dismissed for want of jurisdiction because the order, not disposing of the case as to all the defendants, was not a final decree from which an appeal would lie. 148 U. S. 262. Thereupon an application was made to this court for leave to file a petition for a writ of mandamus to the judges of the Circuit Court to take jurisdiction and to proceed against the company in the suit. Leave was granted and a rule to show cause entered thereon, upon the return to which the writ of mandamus was awarded. *In re Atlantic City Railroad,* 164 U. S. 633.

"In *Ex parte Wisner,* Wisner, a citizen of the State of Michigan, commenced an action at law in the Circuit Court for the city of St. Louis, State of Missouri, against Beardsley, a citizen of the State of Louisiana. After service of summons on Beardsley, he filed his petition to remove the action from the state court into the Circuit Court of the United States for the Eastern District of Missouri, on the ground of diversity of citizenship, with the proper bond, and an order of removal was made by the State court, and the transcript of record was filed in the Circuit Court. Wisner (who had had no choice but to sue in the state court) at once moved to remand the case, on the ground that the suit did not raise a controversy within the jurisdiction of the Circuit Court, and that, as it appeared on the face of the record that plaintiff was a citizen and resident of Michigan, and defendant a citizen and resident of Louisiana, the case was not one within the original jurisdiction of the Circuit Court, in accordance with the statute providing that where jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. The motion to remand was de-

nied, and Wisner applied to this court for a writ of mandamus, which was subsequently awarded.

"In the present case the removal was granted and sustained on the ground that there was a controversy between the removing defendant and plaintiff, which could be fully determined as between them without the presence of the other defendants. That being so, the suit might have been brought originally in the Circuit Court against the railroad company as sole defendant.

"If the ruling of the Circuit Court was erroneous, as is contended, but which we do not intimate, it may be reviewed after final decree on appeal or error. *Missouri Pacific Railway Company* v. *Fitzgerald*, 160 U. S. 556–582."

If this case is one wherein there was a controversy wholly between citizens of different States, to the complete determination of which other parties to the record were not indispensable or necessary, then the removal being properly sought on that ground, the Federal court had jurisdiction. If the State of Nebraska was not an indispensable party by reason of its interest in the controversy, its presence on the record as a plaintiff would not defeat the jurisdiction of the Federal court. And to the Circuit Court was committed the decision of those questions in the first instance, the correctness of which cannot be examined upon this application.

We must add that the mere presence on the record of the State as a party plaintiff, will not defeat the jurisdiction of the Federal court when it appears that the State has no real interest in the controversy. And in the present case the Circuit Court was not bound to adjudicate the question merely by an inspection of the nominal parties to the record, for the mere presence of the State of Nebraska as a party plaintiff was not of itself sufficient necessarily to defeat the jurisdiction of the Federal court. It became, and was, the duty of the Circuit Court to determine the question whether the State of Nebraska was an actual party plaintiff in the present suit, and to determine that question by consideration of the nature

of the case as presented by the whole record, and not "by a reference to the nominal parties to the record."

This the Circuit Court did, and from an inspection of the entire record, for the reasons stated in the opinion filed, the court held that, although the State of Nebraska was a nominal party plaintiff on the record, yet it had no real substantial legal interest in the controversy. The complaint alleged that the Nebraska State Railway Commission was charged with the duty to regulate proper and lawful intrastate rates upon the railroad lines in the State of Nebraska, and to enforce thereon all lawful intrastate rates and charges for the transportation of passengers and freight, and to prevent discrimination in such intrastate freight and passenger rates and charges; and alleged the duty of the Attorney General to bring all suits necessary for that purpose; the suit had for its object and purpose merely the securing of an injunction against the defendant company, to restrain that company from charging for the transportation of freight and passengers within the State of Nebraska more than the rates fixed by the state authority for that purpose, and from disobeying orders of said Nebraska State Railway Commission, and from concealing from said commission the true condition of its business, and from making any unlawful discrimination in issuing intrastate passes, mileage tickets and transportation within the State of Nebraska.

The question whether the State of Nebraska is the real party plaintiff must be determined from the consideration of the nature of the case as disclosed by the record. If the nature of the case is such that the State of Nebraska is the real party plaintiff, the Federal court will so decide for all purposes of jurisdiction, even though the State were not named as a party plaintiff. If the nature of the case is such that the State is not a real party plaintiff, the Federal court will so decide for the purposes of jurisdiction, even though the State is named nominally as a party plaintiff.

The question whether such a case as this is one in which

the State is the real party in interest and the real party plaintiff was determined by this court in *Missouri, Kansas & Texas Railway Company* v. *Missouri R. R. & Warehouse Commissioners*, 183 U. S. 53, where the only question presented was whether in a suit brought to enjoin a railroad company from charging greater rates within the State of Missouri than those fixed by state authority, the State of Missouri was the real party plaintiff. The State was not joined as a party plaintiff, but the question had to be determined, not by a view of the nominal parties to the record, but from the consideration of the nature of the case as shown by the whole record. The defendant company presented to the state court a petition for removal, which was denied. The Supreme Court of the State held that it was proper to go behind the face of the record and inquire who was the real party plaintiff; and, after making such examination, decided that the State was the real party plaintiff, and that the Federal court had no jurisdiction on the removal. The case was brought to this court for a review of the decision of the Supreme Court of Missouri, and this court recognizing the rule that a mere inspection of the parties named as the plaintiffs was not conclusive, examined the record and the nature of the case, and in an opinion rendered by Mr. Justice Brewer held that the nature of the case was such that the State of Missouri was not a real party in interest and not a real party plaintiff.

The court analyzed the nature of the proceeding, showed that there was nothing in such an action which affected the State as such, and that the relief sought did not inure to the State alone, and that a decree in favor of the plaintiff would not effectively operate in favor of the State.

The Circuit Court might clearly have been correct in its decision that the present case was one in which the State of Nebraska was not the real party plaintiff, but that decision could not be reviewed by mandamus.

The Circuit Court was called upon on this record to decide whether the State of Nebraska had any real or legal interest

in the controversy alleged to have been wholly between citizens of different States; and it was a decision which the court had a right to make, involving no abuse of judicial discretion. A premature review cannot be obtained by a writ of mandamus.

Without expressing any opinion as to whether the State was a necessary party to the relief asked, which involved the removability of the case, this court bases its judgment on the mandamus entirely upon the ground that, as the Circuit Court had jurisdiction to pass upon the question of the removability of the case, and as its order overruling the motion to remand was subject to be reviewed by a higher court after the case had been disposed of by final judgment, the remedy was by appeal and not by mandamus.

*Rule discharged; petition dismissed.*