**PEOPLE of State of California ex rel. McCOLGAN v. BRUCE.**

No. 9885.

Circuit Court of Appeals, Ninth Circuit.

June 26, 1942.

Earl Warren, Atty. Gen. State of California, and H. H. Linney and Valentine Brookes, Deputy Atty. Gens., for appellant.

A. P. Johnson, of Reno, Nev., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The People of the State of California, on the relation of Charles J. McColgan as State Franchise Tax Commissioner, brought in the District Court of the United States for the District of Nevada an action against defendant John Howard Bruce, a resident of Nevada, for the recovery of money alleged to be due to the state under its personal income tax law. This action was resisted by the defendant both on the merits and on the ground that the District Court lacked jurisdiction. The District Court concluded that it had jurisdiction and, on the merits, gave judgment for the defendant, from which the plaintiff appeals. We shall consider here only the jurisdictional question, as it is determinative of the case.

It is fundamental that federal courts, other than the Supreme Court, have only such jurisdiction as Congress has prescribed. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329. As stated in Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 82, 67 L. Ed. 226, 24 A.L.R. 1077, the effect of sections 1 and 2 of Article III of the Constitution "is not to vest jurisdiction in the inferior courts over the designated cases and controversies but to delimit those in respect of which Congress may confer jurisdiction upon such courts as it creates. Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. * * * The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it."

The statute establishing the original jurisdiction of the District Courts is § 24 of the Judicial Code, 28 U.S.C.A. § 41. Plaintiff claims that the District Court has jurisdiction of this action under each of two provisions of that act. The first of these is the grant of jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * is between citizens of different States." The defendant is admittedly a citizen of Nevada, but we cannot agree that the plaintiff is a citizen of a different state within the meaning of the act. A state, suing to collect taxes from a citizen of another state, is not a citizen of itself or of any other state, and so is not entitled to invoke the jurisdiction of the federal courts on that ground. Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231. Plaintiff seeks to avoid the effect of this ruling by contending that the State Franchise Tax Commissioner should be regarded for this purpose as the true party plaintiff. It is true that the nominal party plaintiff will be disregarded, and jurisdiction determined by the citizenship of the relator, when it appears that the latter is in fact the beneficial party in interest. Ex parte Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876. In the present case, however, the state is both the nominal and beneficial party, whereas the relator has no interest, either nominal or beneficial. It follows that, under the rule of Postal Telegraph Cable Co. v. Alabama, supra, no diversity of citizenship appears.

Appellant next claims the benefit of the provision that the District Courts shall have original jurisdiction "of all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage * * *". Internal revenue, it is argued, is any revenue, state or federal, derived otherwise than from import or tonnage duties. With this we cannot agree. Granting that the term "internal revenue" is not restricted by any inherent logic to the revenues of the federal government, usage has nevertheless so restricted it, and we find no reason to believe that Congress intended in this instance to depart from that accustomed use. On the contrary, an intention to provide that any action by a state to collect taxes from any person (including its own citizens within its own borders) should, ipso facto, be within the federal jurisdiction is so at variance with the general nature of the federal jurisdiction that it should not be read into the statute in the absence of a much clearer expression than is here presented. This conclusion is not altered by the fact that Congress, in the Organic Act of Porto Rico (39 Stats. 951, 953, c. 145 § 3, 41 Stats. 1096, c. 34,

424

44 Stats. 1418, c. 503, 48 U.S.C.A. §§ 741, 741a, 745) has forbidden that territory to levy export duties but permitted it to collect "internal revenue taxes" in specified ways. In that context it is apparent that the term was used in a general descriptive sense; in the present context it is not. We adhere to the statement of the Supreme Court, construing R.S. 629, from which 28 U.S.C.A. § 41 derives: "The term 'revenue law,' when used in connection with the jurisdiction of the courts of the United States, means * * * a law which is directly traceable to the power granted to Congress by section 8, Art. 1, of the constitution, 'to lay and collect taxes, duties, imposts and excises.'" United States v. Hill, 123 U.S. 681, 686, 8 S.Ct. 308, 311, 31 L.Ed. 275.

We hold accordingly that the present case does not arise under any law providing for internal revenue within the meaning of the act.

■■■ Appellant next urges that the District Court was required to take jurisdiction, by virtue of the provision of Section 1 of Article IV of the Constitution that "full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." The same rule was established for the federal courts by R.S. § 905, 28 U.S.C.A. § 687. Davis v. Davis, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. Appellant's argument would ask us to hold that any attempt, at any time or place, by any person, to enforce the provisions of any state statute or judgment would be, without more, a subject of federal jurisdiction. The authorities will not support so sweeping a pronouncement. "Those provisions [Const. Art. IV, § 1, R.S. 905] establish a rule of evidence, rather than of jurisdiction. * * * they do not affect the jurisdiction, either of the court in which the judgment is rendered, or of the court in which it is offered in evidence." Wisconsin v. Pelican Insurance Co., 127 U.S. 265, 291, 8 S.Ct. 1370, 1375, 32 L.Ed. 239. "Under this law [R.S. § 905] a judgment of a court of a state can only be made effective elsewhere within the United States through the instrumentality of a court having local jurisdiction. Section 905, and the provisions of the Constitution upon which it is based, establish a rule of evidence, rather than a ground of jurisdic-

tion." Clifford v. Williams, C.C., 131 F. 100, 105.

There remains for consideration appellant's contention that the Supreme Court has held, in the case of Massachusetts v. Missouri, 308 U.S. 1, 60 S.Ct. 39, 44, 84 L.Ed. 3, upon grounds not disclosed therein, that the District Court has jurisdiction of a case such as that at bar. The precise holding in that case was that the Supreme Court, in the exercise of its discretion, would refuse to exercise its original jurisdiction over an action by a state to collect taxes from citizens of other states, in the absence of a showing that no other forum was available. In pointing out that no such showing had been made in that case, the court said: "In this instance it does not appear that Massachusetts is without a proper and adequate remedy. * * * With respect to the character of the claim now urged, we are not advised that Missouri would close its courts to a civil action brought by Massachusetts to recover the tax alleged to be due from the trustees. The Attorney General of Missouri at this bar asserts the contrary. He says that 'it would seem that Massachusetts should be able to bring a suit against the trustees for the collection of its taxes, in either a Missouri state court or in a federal district court in Missouri' and that 'such a suit would be of civil nature and would present a justiciable case or controversy'."

■■■ This reference to a suggestion by counsel, itself in the alternative, falls far short of the definite and general holding which appellant asserts, and we find no reason for giving it that effect, in view of the well-settled rule that federal jurisdiction can rest only upon specific constitutional and statutory authority.

The case of Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220, cited by appellant, is readily distinguishable. In that case the plaintiff was not the state of Wisconsin, but Milwaukee County, which, as the court pointed out, is a citizen thereof.

The plaintiff prayed for a judgment for $4,345.84 upon a jeopardy assessment against the defendant. The appellee argues that the tax was upon community income in California in which the defendant had only a half interest and, consequently, that the tax payable by him would be less than $3,000 and thus deprive the court

of jurisdiction even if there was a diversity of citizenship. The appellant does not answer this contention. The income sought to be taxed is not alleged to be community property. The Irish Sweepstakes winning ticket from which the gain was derived was bought by the defendant for $2.50 but it is not stated whether or not the purchase price was his separate property, nor is it clear that the husband alone could not defend a charge against the community property even if it was jointly owned by husband and wife. Cutting v. Bryan, 206 Cal. 254, 274 P. 326. In view of our conclusion it is unnecessary to determine whether or not the case involves more than $3,000 and we do not do so.

It follows that, no ground for federal jurisdiction appearing, the judgment must be reversed.

Reversed and remanded with direction to dismiss without prejudice because of lack of jurisdiction.

Since the argument in this case the Circuit Court of Appeals for the Fifth Circuit, on January 27, 1942, in Craig, State Tax Collector, v. Southern Natural Gas Co., 125 F.2d 66, has held that the United States District Court in Mississippi was without jurisdiction to entertain a suit by a state tax collector of Mississippi to collect a tax from a corporation resident of another state. This decision supports our view.