### COTHREN v. EVANS et al.

No. 13794.

United States Court of Appeals
Eighth Circuit.

Feb. 17, 1949.

534

G. P. Houston, of Heber Springs, Ark., and Gerland P. Patten, of Little Rock, Ark., for appellant.

M. F. Highsmith and W. D. Murphy, Jr., both of Batesville, Ark., for appellees Miriam Evans, administratrix of Wilfred J. Evans, deceased, and J. N. Mason.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The sole question for decision is whether this case was properly removed to the Federal Court. The appeal is from a judgment entered upon the verdicts of a jury in an action involving claims for personal injuries and an alleged wrongful death.

On June 27, 1947, an automobile owned by Wilfred J. Evans, a citizen of Indiana, and driven by J. N. Mason, a citizen of Illinois, collided with a motor truck belonging to W. M. Hunt, the driver of which was Willard O. Cothren. Both Hunt and Cothren were citizens of Arkansas. The collision occurred in Randolph County, Arkansas. As a result of the accident, Evans died, Mason and Cothren were injured, and the motor vehicles were damaged.

Counsel for Hunt and Cothren, on September 11, 1947, procured the appointment by the Referee in Probate for Randolph County, Arkansas, of Carl Brown, Sheriff of the County, as Public Administrator of the Estate of Wilfred J. Evans, deceased. No property of Evans ever came into the hands of Brown. On September 20, 1947, Miriam Evans, the widow of Wilfred J. Evans, was appointed Administratrix of his estate by the Probate Court of Knox County, Indiana, the place of his and her domicile.

Cothren and Hunt, on October 10, 1947, as plaintiffs, brought this action in a State court of Arkansas against Miriam Evans, as administratrix of the estate of her husband, J. N. Mason, and Carl Brown, Public Administrator of the Estate of Wilfred J. Evans, deceased. Process was duly served upon all the defendants. The claim of Cothren was that the collision and his injuries were due to the negligence of Mason and Evans, and he asked for a judgment of $22,500. The claim of Hunt was that his truck was damaged to the extent of $2,500 by the negligence of Mason and Evans, and he prayed for judgment in that amount. The case was removed by the nonresident defendants to the United States District Court for the Eastern District of Arkansas on the ground of diversity of citizenship. The answer of Brown, as Public Administrator of the estate of Evans, was prepared by counsel for the plaintiffs and consisted of a general denial. Miriam Evans, as Administratrix, and J. N. Mason filed an answer denying that the collision was due to the negligence of Wilfred J. Evans and Mason, and asserting, by way of cross-claims, that the death of Evans and the injuries of Mason, due to the collision, were caused by the negligence of the plaintiffs. Mason asked for a judgment of $20,000 against the plaintiffs, and Miriam Evans, as Administratrix, asked for a judgment of $30,000 against them as damages for the alleged wrongful death of her husband.

The plaintiffs moved the District Court to remand the case on the ground that Carl Brown, as Public Administrator of the Estate of Wilfred J. Evans, was a citizen of Arkansas and a necessary party defendant, and that the case had therefore been improperly removed from the State court. The District Court remanded to the State court the claim of Hunt for $2,500 damages to his truck, but denied the plaintiffs' motion otherwise. The case was tried to a jury upon the claim of Cothren and the separate cross-claims of the defendants Miriam Evans, as Administratrix, and J. N. Mason. The jury returned a verdict against Cothren on his claim, and verdicts

against the defendants upon their respective cross-claims against Cothren. Judgment was entered on the verdicts.

Cothren has appealed from the judgment, asserting that the District Court erred in denying his motion to remand the case to the State court. He contends that Brown, the Sheriff of Randolph County, Arkansas, who was appointed Public Administrator of the Estate of Wilfred J. Evans at the instance of Cothren's counsel, was an indispensable party defendant and that the case was therefore not removable.

It is obvious that Brown, as Public Administrator of the Estate of Wilfred J. Evans, had "no real substantial legal interest in the controversy." Ex parte State of Nebraska, 209 U.S. 436, 445, 28 S.Ct. 581, 584, 52 L.Ed. 876. He was in no way connected with the controversy between Cothren and Mason and had no actual interest in the controversy between Cothren and Miriam Evans as the domiciliary representative of the estate of her husband. The controversies were in reality between citizens of different states, and the removal of the case could not be prevented by making Brown a party defendant. See and compare, Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 186, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Ex parte State of Nebraska, supra, 209 U. S. 436, 445, 28 S.Ct. 581, 52 L.Ed. 876; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 190, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867.

The judgment appealed from is affirmed.