## SIMMONS v. SIMMONS.
### No. 10082.

United States District Court
S. D. California, Central Division.

Sept. 23, 1949.

Joseph Scott, Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher, Sherman Welpton, Jr., Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The motion of the plaintiff, filed August 1, 1949, to remand the cause, heretofore removed to this court, to the Superior Court of the State of California, in and for the County of Los Angeles, and the motion filed on the same day denominated "Opposition to Defendant Mrs. Frank A. Simmons' Petition for Removal", heretofore heard, argued and submitted, are now decided as follows:

It appearing to the Court that the case was removed to this court improvidently and without jurisdiction, the cause is remanded to the Superior Court of the State of California, in and for the County of Los Angeles, without costs to either side.

#### Comment

The plaintiff filed his petition for removal on July 26, 1949. The defendant filed, on August 1, 1949, an opposition to such removal and a motion to remand. Disregarding any question of form, there is brought before us the question whether the case was properly removed.

Section 1447(e), 28 U.S.C.A., makes it our imperative duty to remand the case "at any time before final judgment", if it is made to appear that it was removed improvidently and without jurisdiction.

The motions filed by the defendant and the various affidavits filed by both sides in this case, and the affidavits and documents filed in the prior proceedings—Simmons v. Simmons, No. 9397[1]—which, by reference, have been made a part of the record in this case, bring clearly before the Court the question of the propriety of the removal.

As I view the pleadings, despite the fact that the original Answer filed by the Bank of America has not been withdrawn, the disclaimer filed by them on July 26, 1949,

1. No opinion for publication.

amounts to a self-elimination as a litigant in the case. While the disclaimer contains legal conclusions, the following statement is one which, as stated in open court, I take as such: "that said defendant disclaims any interest in said controversy between the plaintiff and the defendant, Mrs. Frank A. Simmons, and is a mere stakeholder as to the issues raised between the plaintiff and the defendant, Mrs. Frank A. Simmons, and, accordingly, this defendant will abide by the final judgment of the court as to any indebtedness or property involved in this controversy under its custody or control."

By this disclaimer, which is confirmed by letter from the Bank's attorney, dated September 22, 1949, filed herewith, they declare themselves to be mere fundholders. They have no right to participate in the trial of the main issue in the case, or to present testimony, except as to the nature and amount of the property and funds which they hold. They will abide by any judgment which the court may render directing them to turn over the moneys and securities which they now hold to whomsoever the Court shall award them. The Bank is, therefore, merely a nominal party and its presence in the case becomes immaterial in determining jurisdiction. See, Salem Trust Co. v. Manufacturers' Finance Co., 1924, 264 U.S. 182, 190, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Hann v. City of Clinton, 10 Cir., 1942, 131 F.2d 978, 981; Porter v. Reid, D.C. Mass. 1948, 79 F.Supp. 898, 901; Cothren v. Evans, 8 Cir., 1949, 172 F.2d 533, 535.

There remains the question whether there is diversity of citizenship shown as between the plaintiff and the defendant.

A study of the voluminous record in both proceedings leads me to the conclusion that there is no such diversity of citizenship.

The plaintiff and the defendant are still husband and wife. If the Complaint of the plaintiff in this case speaks verity, the parties were both residents of California on February 15, 1949. If the Complaint which the defendant filed in the District Court for the 80th Judicial District, Harris County, Texas, speaks verity, they were both residents of Texas on February 8, 1949. Considering the circumstances of the case in their relation to the position of the parties and the activities—business, social and other—which they have carried on, I am of the view that the parties are legal residents of the State of Texas. Leaving aside any academic discussion of the rights of spouses to acquire separate residence, I have reached the conclusion that nothing they have done has resulted in a change of residence by either since early February, 1949. See, District of Columbia v. Murphy, 1941, 314 U.S. 441, 457, 62 S.Ct. 303, 86 L.Ed. 329; Milliken v. Meyer, 1940, 311 U.S. 457, 463-464, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Restatement, Conflict of Laws, Secs. 47, 49. And for a recent discussion of the entire problem of residence and domicile as between husband and wife, see my opinion in Penn Mutual Life Insurance Co. v. Fields, D.C. Cal.1948, 81 F.Supp. 54.

As the Complaint seeks a declaration of rights relating to personal property, the Texas residence of the parties does not stand in the way of jurisdiction of the California State Courts. Nonresidents may invoke the aid of those courts to determine contractual or proprietary rights as to money and securities of the type for which adjudication is sought in this case. See, Restatement, Conflict of Laws, Secs. 49, 50, 52 and 53.

There being no diversity of citizenship and the State Court having full power to adjudicate all the rights of the parties, no reason exists for assumption of jurisdiction by our Court.

Hence the ruling above made.