The **STATE OF NEVADA ex rel. William P. BEKO, District Attorney of Nye County, Nevada, Plaintiff,**

v.

**REYNOLDS ELECTRICAL & ENGINEERING CO., Inc., a Texas corporation, Defendant.**

**Civ. No. 1010(S).**

United States District Court
D. Nevada.

Aug. 2, 1967.

v. Public Service Mutual Insurance Company, 282 F.2d 771, 772 (2 Cir. 1960).

William P. Beko, Dist. Atty., Nye County, Tonopah, Nev., Harvey Dickerson, Atty. Gen. of Nevada, Carson City, Nev., for plaintiff.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., William Massar, Atty., Dept. of Justice, Washington, D. C., Arthur O. Armstrong, Los Angeles, Cal., for defendants.

## DECISION ON MOTION TO REMAND

ROGER D. FOLEY, Chief Judge.

The District Attorney of Nye County, Nevada filed several actions in the Fifth Judicial District Court of the State of Nevada in and for the County of Nye. Six of these cases have been removed by the respective defendants to this Court, being Civil Nos. 1008–1013 (S), inclusive. The petitions for removal allege Federal jurisdiction under 28 U.S.C. § 1332(a) (1) (diversity of citizenship).

In all of these cases the plaintiff has been described as "The State of Nevada, ex rel. William P. Beko, District Attorney of Nye County, Nevada".

In 1008 and 1009, the defendant is described as "Aerojet-General Corporation, an Ohio corporation".

In 1010 and 1011, the defendant is described as "Reynolds Electrical & Engineering Co., Inc., a Texas corporation".

In 1012 and 1013, the defendant is described as "Pan American World Airways, Inc., a New York corporation".

An order was entered consolidating these six cases for all further proceedings. Upon stipulation of counsel, the Court ordered that thereafter, for convenience, all pleadings and other papers be filed in Civil No. 1010 (S) only, although applicable to all six cases. This

decision likewise is applicable to all six cases.

In these six actions, the plaintiff seeks to compel the several defendants, all of whom are Government contractors with the United States Atomic Energy Commission at the Nevada Test Site in Nye County, Nevada, to pay real and personal property taxes levied by the Nye County Assessor under Nevada Revised Statutes 361.157 and 361.159 [1] against the defendant contractors as lessees or users for profit of real and personal property of the United States.

Plaintiff has moved to remand these cases, contending that the State of Nevada and not the County of Nye is the real party in interest. Defendants argue that Nye County is the real party in interest and not the State of Nevada.

■ If the State of Nevada is the real party in interest in these cases, this Court does not have jurisdiction and the motion to remand must be granted. The State is not a citizen. A suit between the State and a citizen or corporation of another State is not a suit between citizens of different States. There is no diversity of citizenship.[2]

■ The title to the action is not controlling and the Court will look behind

---

1. 361.157, as adopted in 1965, reads as follows:

"*361.157 Exempt real estate subject to taxation when leased to, used in business conducted for profit; exceptions.*

"1. When any real estate which for any reason is exempt from taxation is leased, loaned or otherwise made available to and used by a private individual, association, partnership or corporation in connection with a business conducted for profit, it shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such real estate. This section does not apply to:

"(a) Property located upon or within the limits of a public airport, park, market, fairground or upon similar property which is available to the use of the general public; or

"(b) Federal property for which payments are made in lieu of taxes in amounts equivalent to taxes which might otherwise be lawfully assessed; or

"(c) Property of any state-supported educational institution; or

"(d) Property leased or otherwise made available to and used by a private individual, association, corporation, municipal corporation, quasi-municipal corporation or a political subdivision under the provisions of the Taylor Grazing Act or by the United States Forest Service, the Bureau of Reclamation of the United States Department of the Interior or other federal agency.

"2. Taxes shall be assessed to such lessees or users of real estate and collected in the same manner as taxes assessed to owners of real estate, except that such taxes shall not become a lien against the property. When due, such taxes shall constitute a debt due from the lessee or

user to the county for which such taxes were assessed and if unpaid shall be recoverable by the county in the proper court of such county.

"(Added to NRS by 1965, 1157)"

361.159, as adopted in 1965, reads as follows:

"*361.159 Exempt personal property subject to taxation when leased to, used in business conducted for profit.*

"1. Personal property exempt from taxation which is leased, loaned or otherwise made available to and used by a private individual, association or corporation in connection with a business conducted for profit is subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property.

"2. Taxes shall be assessed to such lessees or users of such personal property and collected in the same manner as taxes assessed to owners of personal property, except that such taxes shall not become a lien against such personal property. When due, such taxes constitute a debt due from the lessee or user to the county for which such taxes were assessed and if unpaid shall be recoverable by the county in the proper court of such county.

"(Added to NRS by 1965, 1157)"

In 1967, 361.157 was amended (Chap. 88, Statutes of Nevada, 1967, p. 154, effective July 1, 1967). The amendment is neither applicable nor pertinent to this decision.

2. County of Lincoln (Nevada) v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; Minnesota v. Northern Securities Co., 194 U.S. 48, 24 L.Ed. 598, 48 L.Ed. 870; Port of Seattle v. Oregon & Washington R. Co., 255 U.S. 56, 41 S.Ct. 237, 65 L.

and through the nominal parties to the suit.[3]

In order to determine in a given case whether the State or some other entity or political subdivision created by it is the real party in interest, the law (constitution, statutes and decisions) of the particular State controls. For a full discussion of this principle and a resolution of apparent conflicts of authority among the reported decisions as to whether the State or its political subdivision or other entity is a real party in interest, see State of Missouri v. Homesteaders Life Ass'n (footnote 2) and Craig v. Southern Natural Gas Co. (footnote 2).

The defendants lay great stress on the language found in both NRS 361.157 and 361.159:

"When due, such taxes shall constitute a debt due from the lessee or user to the county for which such taxes were assessed and if unpaid *shall be recoverable by the county in the proper court of such county.*" [Italics added]

Defendants argue that this sentence authorizing the County to recover the unpaid taxes in a proper court of the County makes clear the intent of the Legislature that in these suits the County and not the State is the real party in interest.

Unquestionably, a Nevada County can sue and be sued in its own name. Long ago, in County of Lincoln (Nevada) v. Luning (footnote 2), the United States Supreme Court held that the Nevada Constitution rendered Nevada counties subject to suit. Our question is not whether the Nevada Legislature has empowered the counties to sue and be sued, but whether the State or the County of Nye is the real party in interest in these cases commenced to recover taxes levied and assessed under NRS 361.157 and 361.159.

In 1876, in State of Nevada ex rel. Piper v. Gracey, 11 Nev. 223, the Court stated, at pages 227 and 228:

"* * * It relates to the collection of taxes imposed by the authority of public statutes enacted by the sovereign power of the state, and the money, when collected, is received by the county in its public political capacity, to be applied by the officers of the county to the specific public purposes designated in the respective statutes which provide for its levy and collection. In fact, all taxes imposed for county purposes emanate from state authority, and the collection thereof can only be enforced in the name of the state. Both the levy and collection is the action of the state, operating through the instrumentality of its county organizations. Counties are but integral parts or local subdivisions of the state, instituted merely as means of government, and they, and the officers thereof, are but parts of the machinery that constitute the public system, and designed to assist in the administration of the civil government."

and again at page 229:

"It therefore follows that the levy and collection of the taxes in question involve public duties and public rights, and in all such cases, though the state is regarded as the real party in interest, it must necessarily act through individual information, by some public officer or upon the relation of some private individual."

---

Ed. 500; State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; State of Missouri v. Homesteaders Life Ass'n, 8 Cir., 1937, 90 F.2d 543; Craig v. Southern Natural Gas Co., 5 Cir. 1942, 125 F.2d 66; People ex rel. McColgan v. Bruce, 9 Cir., 1942, 129 F.2d 421.

3. Pennoyer v. McConnaughy, 140 U.S. 1, 11 S.Ct. 699, 702, 35 L.Ed. 363; Minnesota v. Hitchcock, 185 U.S. 373, 385, 22 S.Ct. 650, 46 L.Ed. 954; Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876. State of Missouri v. Homesteaders Life Ass'n, 90 F.2d 543.

In the next year, 1877, in State of Nevada ex rel. Drake v. Hobart, 12 Nev. 408, the Court, at page 411, stated:

"Upon the first point there certainly ought not to be any controversy. The respective county governments are a part of the state government, and belong to the same political society, and the state is interested in having the delinquent taxes due the respective counties collected, whether any portion thereof belongs to the state or not. It is equally clear that the district attorney is a proper party to institute these proceedings. The collection of delinquent taxes due the county and state by suit, is a duty specially imposed upon the district attorney."

This Court has not had cited to it, nor has it found, any other Nevada decision of the Nevada Supreme Court in point.

NRS 361.157 and 361.159 were added to NRS Chap. 361, entitled "Property Tax", by Chap. 432, Statutes of Nevada, 1965, p. 1157, and were incorporated into the subdivision of Chap. 361 entitled "Assessment—Taxable and Exempt Property" by the Nevada Statute Revision Commission. Chapter 361 contains a subdivision entitled "Collection of Taxes" and thereunder a subpart entitled "Suits for Delinquent Taxes". See NRS 361.625 through 361.730, inclusive.

NRS 361.635 and 361.650 authorize and/or require the respective district attorneys of each county to commence suit in the name of the State of Nevada against delinquent property taxpayers in the county where the taxes are levied and assessed and before a court of the county having jurisdiction.[4]

NRS 361.655 authorizes a form of complaint:

"IN THE     (TITLE OF COURT)

STATE OF NEVADA,

v.

A. B. & CO., and the real estate and improvements in (describing them).

COMPLAINT"

The form begins:

"The State of Nevada, by C. D., district attorney of the county of _____, complains of  *  *  *"

---

See also NRS 361.680, "Form of notice".

■ If the aforesaid procedure for the collection of real and personal property taxes by judicial action is applicable to collection of taxes levied and assessed under NRS 361.157 and 361.159, the State of Nevada is the real party in interest in these cases. When NRS 361.157 and 361.159 were adopted in 1965, the Legislature did not provide any special procedure to collect taxes levied and assessed under said provisions. Except possibly for NRS 361.700,[5] this Court finds the judicial collection ma-

4. Chap. 107, Nevada Stats.1967, p. 174, amended NRS 361.635 and 361.650, effective March 10, 1967, but did not change the requirement that suits by the district attorneys for the collection of delinquent real and personal property taxes be commenced in the name of the State of Nevada in the proper court of the county where the taxes were levied and assessed.

5. 361.700 provides that the judgment be a lien. This, of course, would not be applicable to the collection of taxes levied and assessed under NRS 361.157 and 361.159, as there cannot be a lien upon the exempt owners' interest in the real and personal property. It is noted, however, that NRS 361.700 provides the judgment may be enforced against other property of a delinquent taxpayer.

chinery above-described fully applicable for collection of taxes levied and assessed under NRS 361.157 and 361.159.

The language of NRS 361.157 and 361.-159, that the unpaid taxes "shall be recoverable by the county in the proper court of such county" is not inconsistent with the judicial collection procedure provided by NRS 361.625 to 361.730, inclusive, nor with the language of the Supreme Court of Nevada in the early *Gracey* and *Hobart* cases, supra.

In these consolidated cases, the real party in interest is the State of Nevada and not the County of Nye. The motions to remand are granted and costs are awarded to the plaintiff.