**STATE OF IOWA, Plaintiff,**

v.

**Willie Foster SELLERS and Resolute Insurance Company, Surety, Defendants.**

**Civ. Nos. 11–370–C–1, 11–406–C–1.**

United States District Court,
S. D. Iowa, C. D.

Jan. 31, 1972.

Richard R. Ramsey and James H. Cothern, Osceola, Iowa, and Richard Turner, Atty. Gen., State of Iowa, for plaintiff.

James W. Brown, Reynoldson, Brown & Van Werden, Osceola, Iowa, for defendants.

## MEMORANDUM OPINION AND RULING ON MOTION TO REMAND

STUART, District Judge.

The above entitled actions involving the forfeiture of bail bonds were removed to this Court on the Petition of Resolute Insurance Company on the grounds of diversity of citizenship and a substantial constitutional question as to the constitutionality of section 766.3, Code of Iowa as applied to this defendant. The State of Iowa filed a Motion to Remand denying diversity of citizenship because the State of Iowa is a party and denying that a substantial constitutional question is involved. Other grounds for remand are urged which will not be considered as these issues dispose of the case.

(1)

### Diversity of Citizenship

The insurance company does not question the general rule that there is no diversity of citizenship because a state has no citizenship. Iowa ex rel. Welty v.

Northwestern Light & Power Co. (N.D. Iowa, 1937), 18 F.Supp. 303, 304; Nevada v. Reynolds Electrical & Engineering Co. (D.Nev., 1967), 272 F.Supp. 942, 944 and citations. It contends the state is not a real party in interest because the proceeds from forfeited bond go to the county school fund under section 666.3, Code of Iowa and that the state is a party only because section 766.3 requires the action be brought in the name of the state. It then quotes from Ex parte Nebraska (1908), 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876: " * * * The mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy. * * * It became, and was, the duty of the circuit court to determine the question whether the state of Nebraska was an actual party plaintiff in the present suit, and to determine that question by consideration of the nature of the case as presented by the whole record, and not 'by a reference to the nominal parties to the record.'" 209 U.S. at 444–445, 28 S.Ct. at 584.

The Court must therefore consider whether under the facts of this case the State of Iowa is a real party in interest.

"In order to determine in a given case whether the State or some other entity or political subdivision created by it is the real party in interest, the law, (constitution, statutes and decisions) of the particular State controls." Nevada v. Reynolds Electrical and Engineering Co., supra, 272 F.Supp. at 945. See Dubuque Stone Products Co. v. Fred L. Gray Company (8th Cir., 1966), 356 F. 2d 718, 723.

No Iowa cases on point have been cited to the Court and none have been found, but there are opinions which indicate the state is a real party in interest even though it has no direct interest in the outcome of the particular case. Iowa ex rel. Welty v. Northwestern Light & Power Co., supra; Iowa v. Des Moines City Railway et al. (1907), 135 Iowa 694, 109 N.W. 867.

■ Section 766.3, Code of Iowa provides that in the action on the bond the state shall be plaintiff and the accused and his sureties defendants. The fact that the proceeds from the forfeited bond go into a county school fund does not make the state a nominal party only.

■ The bond is actually a contract with the state. State v. Baker (1956), 247 Iowa 1224, 1228, 78 N.W.2d 411. The state has an interest in seeing persons who offend its laws are tried and punished. The purpose of the bond is to insure defendant will appear when required by the Court. The state has an interest in seeing the defendant is produced or the bond forfeited for failure to produce him regardless of the ultimate depository of the bond. The fact that the act has been designated as civil rather than criminal is not decisive. It is more than a civil action for a sum certain in which the only interested plaintiff would be the one entitled to the money. This action grows out of the duty of the state to see that its criminal laws are respected and its orders relating thereto obeyed. "The purpose of the criminal law is to secure the punishment of criminals, not to have the state profit financially by the forfeiture of bail." State v. Shell (1951), 242 Iowa 260, 264, 45 N.W.2d 851. In this instance the court has no difficulty in deciding the state is a real party in interest and no diversity of citizenship exists entitling this court to take jurisdiction.

Support for this position is found in the analogous case of Nevada v. Reynolds Electrical Engineering Co., supra. There the state brought an action to compel defendants to pay certain real and personal property taxes levied against them by Nye County, Nevada. The cases were removed to the federal court on diversity grounds. The state moved for remand. The question was whether the state or Nye County was the real party in interest. The court quoted from Nevada ex rel. Drake v. Hobart (1871), 12 Nev. 408, 411, which stated: "The state is interested in having the delinquent taxes due the respective counties collected, whether any portion thereof belongs to the state or not," and held the state was a real party in interest. See also State ex rel. Reno v. Reno Traction Co., 41 Nev. 405, 171 P. 375.

I therefore hold the state is a real party in interest and there is no jurisdiction in the federal court because of diversity of citizenship.

(2)

Constitutionality of Section 766.3, Code of Iowa

Section 766.3 provides: "If the defendant and his sureties fail to appear, judgment shall be entered by the court. If such defendant and his sureties shall appear at the time fixed and offer objections to the entering of such judgment, the court shall set the case down for immediate hearing as an ordinary action; in such hearing the state shall be plaintiff and the defendant and his sureties defendants. * * *"

The insurance company interprets this statute to require the principal defendant's presence. It reasons that since he cannot be found, it has no right to present its defense to the forfeiture under the statute and that the entry of judgment without hearing deprives it of its property without due process of law. No Iowa cases have been found construing the pertinent language of this section.

■ Statutes will not be construed as unconstitutional if such construction can be avoided. Stanley v. Southwestern Community College Merged Area (Iowa, 1971), 184 N.W.2d 29, 32; State ex rel. Fulton v. Scheetz (Iowa, 1969), 166 N.W.2d 874, 877. They will be interpreted to accomplish the intent of the act and not to lead to an absurd result. Isaacson v. Iowa State Tax Commission (Iowa, 1971), 183 N.W.2d 693, 695; Harnack v. District Court of Woodbury County (Iowa, 1970), 179 N.W.2d 356, 361; Cedar Memorial Park Cemetery Ass'n. v. Personnel Associates, Inc. (Iowa, 1970), 178 N.W.2d 343, 347;

Chicago & N. W. Ry. Co. v. City of Osage (Iowa, 1970), 176 N.W.2d 788, 792.

It would be absurd to hold that under no circumstances could a hearing be had on a bond forfeiture in the absence of the accused. The statute is primarily aimed at the situation in which he, for the benefit of himself and his sureties, would be called upon to explain why he failed to appear when required. Suppose the defendant were dead, would his sureties be prevented from showing this fact under this statute? I do not think so.

Here the insurance company's defense to judgment against them is not based upon the contention that the bond should not have been forfeited. It claims there never was a valid surety bond under which they would be liable because the agent exceeded his authority. The presence of the accused is not necessary to a full determination of this defense.

As the state could either proceed scire facias or by independent action, and as the company would have the right to raise this defense in an independent action, it should be able to raise it under the alternate procedure. Surely it could not be claimed that the state would have no right to proceed against the company in the absence of an absconding defendant. If the state could proceed against the surety under such circumstances the company should have a countervailing right.

 The Court construes section 766.3 as permitting a surety on a bail bond to present whatever defenses to forfeiture it may have at the hearing therein provided whether the accused is or is not present. As so construed section 766.3 affords the surety due process and a substantial constitutional question as to the validity of a statute providing for forfeiture of a bail bond without a hearing does not exist.

It is therefore ordered that plaintiff's Motions to Remand filed in State v. Sellers et al., 11–370–C–1 and State v. Sellers et al., 11–406–C–1 should be and the same is hereby sustained.

It is further ordered that said cases shall be remanded to the District Court of Iowa in and for Clarke County for further proceedings.