## CARPENTER v. ROHM & HAAS CO., Inc.

### Civ. A. No. 1381.

United States District Court
D. Delaware.
May 8, 1952.

Laurie J. Carpenter, in pro. per.

Morton E. Evans, Wilmington, Del., Morford, Bennethum, Marvel & Cooch, of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion for summary judgment.

A brief summary of the many former stages of this litigation seems to be required. On November 27, 1946, the plaintiff instituted an action against the defendant involving the same facts as now relied upon. On February 27, 1948, this court granted defendant's motion for summary judgment and dismissed the action on the ground that the applicable Delaware Statute of Limitations, Rev.Code 1935, § 5133, barred the action.[1] On appeal this judgment was affirmed on October 22, 1948.[2] On April 28, 1949, plaintiff moved to set aside the original order of dismissal of February 27, 1948. This motion was denied,[3] and on appeal the judgment was affirmed.[4] On December 9, 1950, and again on February 23, 1951, similar motions were made to set aside the original dismissal, both of which motions were denied.

On June 14, 1951, the present action was instituted. An answer having been filed, the defendant has moved for summary judgment based upon the complaint, answer and affidavits.

The original action was for personal injuries based upon the alleged negligence of the defendant in mislabeling a certain product used by the plaintiff and purchased by his employer. Upon the same facts this present action is brought. A new element in this present action appears in the contention of the plaintiff that his suit is authorized by the provisions of 15 U.S.C.A. § 1125(a) as set out in the footnote.[5]

Insofar as the present suit involves the same facts and applicable law as the former suit, this court is estopped from their consideration by the principle of res judicata, this court being bound by the determination of the Court of Appeals.

This leaves, then, a consideration of 15 U.S.C.A. § 1125(a). The plaintiff contends that the provision in 15 U.S.C.A. § 1125(a) as originally enacted in 60 U.S. Stat. 441, 444, provided that all acts or parts of acts inconsistent therewith were repealed. The plaintiff, in his brief, contends that this provision removes any application of the Delaware Statute of Limitations "as inconsistent in limiting the remedy to an action." I forbear from making any comment on this contention except to say that the repealing provision, by its exact terms,

1. D.C., 75 F.Supp. 732.

2. 3 Cir., 170 F.2d 146.

3. D.C., 9 F.R.D. 535.

4. 3 Cir., 180 F.2d 749; certiorari denied 340 U.S. 841, 71 S.Ct. 30, 95 L.Ed. 617.

5. 15 U.S.C.A. § 1125(a): "Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

did not apply to any statute which did not relate to trade marks or kindred subjects.

█ The Section relied upon by the plaintiff, 15 U.S.C.A. § 1125(a), is a part of the Lanham Trade Mark Act. The purpose of the Act and the intent of Congress in passing it is clearly set forth in the Act itself and in cases construing it. No useful purpose would be served in restating them here. In Samson Crane Co. v. Union National Sales, Inc., D.C., 87 F.Supp. 218, the purpose, intent and scope of the Act were considered in detail and the views there stated were expressly approved in 1 Cir., 180 F.2d 896. The cited Act was not effective until July, 1947, and otherwise has no application to the question here involved.

It may not be without interest to show the connection of the same plaintiff with a somewhat similar state of facts and statutes.

About 1942 this plaintiff brought suit in the District Court of New Jersey against the Erie Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for an alleged injury happening more than 14 years before that suit was brought. A judgment of dismissal was, on appeal, affirmed.[6] The plaintiff then brought suit in the Southern District of New York. A judgment of dismissal was affirmed.[7] The plaintiff then brought another suit in the Southern District of New York, evidently on the same cause of action occurring in 1928 and in this latter suit claimed a right to recover by reason of Section 1125(a) of the Trade Mark law (being the same statute here relied on). A judgment of dismissal was affirmed[8] and the court expressly held the Lanham Trade Mark Act was not applicable to that case. I think it not applicable to this case.

The motion of the defendant must be granted and summary judgment entered. An appropriate order may be submitted.

6. 3 Cir., 132 F.2d 362, certiorari denied 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155.
7. 2 Cir., 170 F.2d 73, certiorari denied 336 U.S. 904, 69 S.Ct. 490, 93 L.Ed. 1069.

8. 2 Cir., 178 F.2d 921, certiorari denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338, rehearing denied 339 U.S. 939, 70 S.Ct. 672, 94 L.Ed. 1356.