**Dr. William G. WELLS, d/b/a Glen Eyre Farms, Plaintiff,**

v.

**L. Rogers WELLS and L. L. Wells, Jr., d/b/a Supreme Mills, Defendants.**

No. 1039.

United States District Court
W. D. Kentucky,
Bowling Green Division.

March 31, 1965.

Wilson, Baker & Herbert, Glasgow, Ky., for plaintiff.

Richardson, Barrickman & Dickinson, Glasgow, Ky., for defendants.

SWINFORD, Chief Judge.

This is an action in which the plaintiff seeks to recover damages from the defendants by reason of the sale by the defendants to the plaintiff of contaminated oats which the plaintiff fed to his horses and from which it is alleged they died and he thereby sustained losses in the amount of $225,000.

All of the parties are residents of this Western District of Kentucky. Jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. § 1331 which provides that the United States District Courts shall have original jurisdiction of civil actions wherein the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs, and arises under the Constitution, law, or treaties of the United States. It is alleged that the cause of action arose under the Food, Drug, and Cosmetic Act of the United States, 21 U.S.C.A. § 342 et seq., and the Federal Seed Act, 7 U.S.C.A. § 1571 et seq.

The record is before the court on the defendants' motion to dismiss on the ground that this court lacks jurisdiction. The motion should be sustained. The

complaint shows on its face that this is not a matter in controversy arising under the Constitution, law, or treaties of the United States, but is rather a common law action. It does not depend upon construction of any part of the Constitution or laws of the United States. The *right of action* is not dependent upon the Food, Drug, and Cosmetic Act or the Federal Seed Act. This has long been the established law.

> "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205.

In the case of Shelby County, Tennessee v. Fairway Homes, Inc., 6 Cir., 285 F.2d 617, the complaint alleged that the controversy arose under the Constitution, laws, or treaties of the United States, and claimed there, as here, that Section 1331 of Title 28 U.S.C.A. gave the court jurisdiction. A recitation of the facts in that case is not important, but the Sixth Circuit, speaking through Judge Miller, held that the district court lacked jurisdiction because the ultimate determination did not depend upon the construction of the Constitution or a law of the United States. The opinion quoted from Shulthis v. McDougal, supra, to the effect that a right which takes its origin in the laws of the United States is not necessarily one arising under those laws.

The Supreme Court in its opinion in Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656, said, 81 S.Ct. 1303, 6 L.Ed.2d 584, "It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law." See also Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

It is my opinion that federal jurisdiction does not exist in this case. The citizenship of the parties is not diverse. The controversy does not arise under the Constitution or laws of the United States.

The Supreme Court has adhered to a policy of construing jurisdictional statutes narrowly. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. In the granting of jurisdiction to the district court, it has been insisted that a claim created under federal law should be a necessary part of the plaintiff's case. Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126. As pointed out in Gully v. First National Bank, supra, that claim must be truly federal in nature.

An order sustaining the motion to dismiss the complaint is this day entered.