Roger **HERMAN**, Plaintiff,

v.

**SMITH, KLINE AND FRENCH LAB-ORATORIES**, Defendant.

No. 68-C-6.

United States District Court
E. D. Wisconsin.

July 11, 1968.

L. William Connolly, Milwaukee, Wis., for plaintiff.

Norman C. Skogstad, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the complaint which alleges a personal injury arising from the plaintiff's use of a drug called Parnate, marketed by the defendant. The plaintiff claims that he was treated with the drug between February 21, 1961 and March 9, 1962, and he charges that the drug was not merchantable as to quality and was not reasonably fit for the purposes for which it was intended.

██ A fair reading of the complaint establishes that it is based on a claimed breach of warranty. In its motion for dismissal, the defendant urges that the claim is barred for failure to have given notice of the breach to the seller within a reasonable time under § 121.49, Wis. Stats. (1963). The defendant also maintains that the action is barred because it was not commenced within the three years specified in the statute of limitations, § 893.205, Wis.Stats. (1965).

The plaintiff contends that the provisions of the sales act are inapplicable because the transaction relates to a drug and the provisions of the federal food, drug and cosmetic act, 21 U.S.C. § 301 et seq., has "preempted" this matter. The plaintiff also urges that the sale of a prescription drug is not a "sale of goods" within the meaning of the sales act.

██ With respect to the claim of "preemption" under the federal statute, it is noted that the purpose of such law is to protect the consumer by excluding from interstate commerce adulterated or misbranded foods or drugs. United States v. Lexington Mill & Elevator Co., 232 U.S. 399, 34 S.Ct. 337, 58 L.Ed. 658 (1914). A violation of this statute is a misdemeanor. In my opinion, the federal statute is criminal in nature and does not preclude the applicability of the provisions of the uniform sales act. As noted in Orthopedic Equipment Co. v. Eutsler, 276 F.2d 455, 79 A.L.R.2d 390 (4th Cir. 1960), a violation of the federal food, drug and cosmetic act may be negligence per se, but the complaint in the case at bar is not grounded on negligence; it is based on a breach of warranty.

██ Even if Mr. Herman's complaint could be construed as asserting a cause of action in negligence, his suit would nevertheless be barred by the three year statute of limitation applicable to injuries to the person under § 893.205 (1965). The injury took place on or before March 9, 1962, and the action was not commenced until January 12, 1968.

██ The plaintiff maintains that the dispensing of prescription drugs belongs in a separate and distinct category from the sale of ordinary goods or merchandise. There is, however, no authority cited for such contention. Wis. Stat. § 121.01(2) (1963), provided as follows:

"A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

"Goods" were defined in § 121.76 as follows:

"Goods include all chattels personal other than things in action and mon-

ey. The term includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

The language of the quoted statutes is broad and inclusive. See Standard Brands Incorporated v. Consolidated Badger Cooperative, 89 F.Supp. 5 (E.D. Wis.1950).

In Betehia v. Cape Cod Corp., 10 Wis. 2d 323, 103 N.W.2d 64 (1960), the Wisconsin supreme court held that when a patron orders and pays for a meal at a public restaurant, there is a "sale" of such food within the meaning of Wis. Stat. § 121.15 (1963) (relating to implied warranties of quality and fitness). In Gottsdanker v. Cutter Laboratories, 182 Cal.App.2d 602, 6 Cal.Rptr. 320, 79 A.L.R.2d 290 (1960), decided under the California uniform sales act, the court stated at 6 Cal.Rptr. 323, 79 A.L.R.2d 290, 297–298:

"In view of the established California rule that the consumer of a food product may recover from the manufacturer upon implied warranty, is there any reason to apply a different rule to the vaccine here involved? We think not. The vaccine is intended for human consumption quite as much as is food. We see no reason to differentiate the policy considerations requiring pure and wholesome food from those requiring pure and wholesome vaccine."

■ The sale of drugs does not constitute a "rendition of services" as opposed to a sale of goods, Cf. Koenig v. Milwaukee Blood Center, Inc., 23 Wis.2d 324, 127 N.W.2d 50 (1964).

In my opinion, a sale of drugs constitutes a sale of goods within the meaning of the Wisconsin sales act.

■ The defendant claims that it is entitled to a dismissal for the failure of the buyer to have given timely notice of the alleged breach of warranty. § 121.-49 of the Wisconsin statutes read as follows in 1963:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. *But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."* (emphasis supplied)

In support of its contention that the plaintiff failed to give proper notice, the defendant has furnished an affidavit of its assistant secretary which states that the defendant first received notice of the alleged breach of warranty on September 15, 1964. This affidavit is wholly uncontradicted. The complaint alleges that the injury occurred at the latest on March 9, 1962, some two and a half years before the notice of the breach was given to the defendant. The court concludes that the two and a half year delay in the case at bar must, as a matter of law, be held an unreasonable time under § 121.49 Wis. Stats. (1963).

The plaintiff is barred from recovery by his failure to have given the requisite notice under the sales act and by his failure to have commenced his action within the period of limitations.

Accordingly, it is ordered that the defendant's motion to dismiss be and hereby is granted.