**STATE OF FLORIDA ex rel. BROWARD COUNTY, a political subdivision of the State of Florida, Plaintiffs,**

v.

**ELI LILLY & CO. et al., Defendants.**

**No. 70–1703–Civ–CA.**

United States District Court,
S. D. Florida,
Miami Division.

April 29, 1971.

Frederic B. Burns, Sp. Asst. Atty. Gen., Fla., of Sager & Burns, Miami, Fla., for plaintiffs.

William Killian, of McCarthy, Steel, Hector & Davis, Miami, Fla., Wilmer, Cutler & Pickering, Washington, D. C., represented Eli Lilly & Co.

Richard J. Thornton, of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., Drinker, Biddle & Reath, Philadelphia, Pa., represented Merck & Co.

James L. Armstrong, of Smathers & Thompson, Miami, Fla., Winthrop, Stimson, Putnam & Roberts, New York City, represented Bristol-Myers.

Larry Stewart, of Frates, Floyd, Pearson & Stewart, Miami, Fla., represented E. R. Squibb & Sons.

Charles Kimbrell, of Dixon, Bradford, Williams, McKay & Kimbrell, Miami, Fla., represented Charles Pfizer & Co.

Donald Nicholson, Miami, Fla., and Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., represented Abbott Laboratories.

Covington & Burling, Washington, D. C., Shutts & Bowen, Miami, Fla., and A. Blackwell Stieglitz, of Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, Fla., represented The Upjohn Co.

W. G. Ward, Miami, Fla., and Theodore Voorhees, Washington, D. C., represented S. E. Massengill.

John Hoehl, of Blackwell, Walker & Gray, Miami, Fla., represented Wyeth Labs, Inc.

ATKINS, District Judge.

This cause has come on to be heard on defendants' motions to dismiss the First Amended Complaint and the Second Amended Complaint. By its First Amended Complaint [1], the State of Florida, appearing by a Special Assistant Attorney General, brought suit on its own behalf and on behalf of class of consumers and purchasers against the defendants to recover damages allegedly sustained in connection with the purchase, administration and use of certain fixed-ratio combination drugs claimed to have been manufactured and sold by the defendants. In essence, the Florida complaint charged that the defendants fraudulently induced the plaintiff to purchase drugs by falsely representing their effectiveness and side effects and by failing to provide adequate directions for and warnings against their use. Such conduct was claimed to be actionable under provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. The complaint also charged the defendants with common law fraud, negligence and breach of warranty. This Court's jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 28 U.S.C. § 1332.

The defendants moved to dismiss the First Amended Complaint. Specifically, the defendants argued (1) that the claims of the plaintiff could not be brought under the Federal Food, Drug, and Cosmetic Act and were not, therefore, within the Court's federal question jurisdiction under Sections 1331 and 1337; and (2) that the State was not a "citizen" under Section 1332 and could not therefore invoke this Court's diversity jurisdiction.

Upon consideration of the aforesaid motion to dismiss and of the memoranda in support thereof and in opposition thereto, and after oral argument, the Court granted the motion to dismiss. The Court concluded:

■ 1. The Federal Food, Drug, and Cosmetic Act does not create a private right of action and the claims pleaded in the First Amended Complaint do not, therefore, arise under federal law. Section 307 of the Act, 21 U.S.C. § 337, provides that "all" proceedings for the enforcement or to restrain violations of the Act shall be brought by the United States. Section 302(a), 21 U.S.C. § 332(a), limits the jurisdiction of district courts under the Act to injunctive proceedings involving purely prospective relief. Hygrade Food Products Corp. v. United States, 160 F.2d 816, 819 (8th Cir. 1947). The legislative history of the Act indicates that an express provision for a private right of action for damages was included in an early version of the bill but was omitted from all later versions after being attacked on the ground that it would create an unnecessary federal action duplicative of state remedies.[2] Thus, the terms and legislative history of the statute compel the conclusion that Congress did not intend to allow private rights of action for damages under the statute. Cf. T.I.M. E., Inc. v. United States, 359 U.S. 464, 470–472, 79 S.Ct. 904, 3 L.Ed.2d 952 (1959); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 721, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

This conclusion is reinforced by the decisions of the only two other courts that have squarely faced this issue, Clairol, Inc. v. Suburban Cosmetics, Inc., 278 F.Supp. 859 (N.D.Ill.1968), Wells v. Wells, 240 F.Supp. 282 (W.D.Ky.1965), and by the several other federal decisions which, in viewing the relationship between the Federal Food, Drug, and Cosmetic Act and applicable state remedies, have clearly indicated that violations of the Act do not constitute an in-

---

1. The first amendment to the complaints involved matters not material to the questions now decided.

2. *See* Hearings on S. 1944, Before a Subcommittee of the on Commerce, U. S. Senate, 73d Cong., 2d Sess., pp. 10, 114, 219, 403, 431, 444 (1933).

dependent basis for federal question jurisdiction, Orthopedic Equipment Co. v. Eutsler, 276 F.2d 455 (4th Cir. 1960),[3] Herman v. Smith, Kline & French Laboratories, 286 F.Supp. 694 (E.D.Wis. 1968).

Plaintiff's reliance upon cases arising under other federal regulatory statutes is misplaced. *See* Armstrong, *expressio unius inclusio alterius*: The Fagot-Gomez Private Remedy Doctrine, 5 Ga.L. Rev. 97 (1970). First, the federal statutes involved in those cases had neither provisions requiring all actions to be brought by the United States nor ones restricting federal district court jurisdiction to injunctive actions. Secondly, those decisions did not deal with legislative history like that of the Food, Drug and Cosmetic Act, showing an explicit rejection by Congress of a provision for private actions. Finally, such decisions typically involve claims for which no corresponding civil remedies are available in state courts. Moungey v. Brandt, 250 F.Supp. 445 (W.D.Wis. 1966); Note, 77 Harv.L.Rev. 285, 292 (1963). Since there is no private right of action under the Food, Drug, and Cosmetic Act, Florida's First Amended Complaint furnished no basis for the exercise of this Court's federal question jurisdiction under either Section 1331 or 1337.

■ 2. The State is not a citizen within the meaning of 28 U.S.C. § 1332 and may not therefore invoke the diversity jurisdiction of this Court. *See* Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231

(1894); Florida State Turnpike Authority v. Van Kirk, 146 F.Supp. 364 (S.D. Fla.1956).

Accordingly, on March 1, 1971 the Court entered an order dismissing the First Amended Complaint with leave to amend within ten days.

On March 4, 1971, Florida filed its Second Amended Complaint. The Second Amended Complaint is brought by Florida ex rel. Broward County and charges the defendants with essentially the same conduct as the First Amended Complaint. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1337, 28 U.S.C. § 1332 and Section 39 of the Lanham Act, 15 U.S.C. § 1121. The defendants again moved to dismiss the complaint. Specifically, the defendants urged, in addition to the grounds relied upon in the motion to dismiss the First Amended Complaint, that the claims stated in the Second Amended Complaint did not arise under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and that because Florida continued as a named party with a substantial interest in the litigation the Court was without jurisdiction under 28 U.S.C. § 1332.

Upon consideration of the aforesaid motion to dismiss and of the memoranda in support of and in opposition thereto, and after oral argument, the Court has decided to dismiss the Second Amended Complaint for the following reasons:

■ 1. The purpose,[4] the legislative history,[5] and the consistent line of authority restricting the scope of Section 43(a) of the Lanham Act to actions involving competitive injury suffered from

---

3. In Eutsler, a diversity action, "the basic question" for the Court was whether violation of the Act constituted negligence *per se* under applicable state law. There is no need to decide whether under Florida law violation of the Act constitutes negligence *per se*, for absent diversity a complaint that alleges common law theories of recovery based upon the violation of a duty owed under a federal statute must be brought in a State court. Jacobson v. New York, N. H. & H. R. R., 206 F.2d 153 (1st Cir. 1953), aff'd, 347 U.S. 909,

74 S.Ct. 474, 98 L.Ed. 1067 (1954); Andersen v. Bingham & G. Ry., 169 F.2d 328 (10th Cir. 1948); 1 Moore, Federal Practice ¶ 0.60 [8.–3] (pp. 633–34). *Cf.* Crane v. Cedar Rapids & I. C. Ry., 395 U.S. 164, 166–167, 89 S.Ct. 1706, 23 L.Ed. 2d 176 (1969).

4. *See* Section 45 of the Lanham Act, 15 U.S.C. § 1127.

5. *See* Derenberg, Federal Unfair Competition Law, 32 N.Y.U.L.Rev. 1029, 1032–39 (1957).

"unfair competition"[6] clearly indicate that the claims stated in the complaint do not arise under that statute. *See* Carpenter v. Rohm & Haas Co., Inc., 109 F.Supp. 739 (D.Del.1952), aff'd per curiam, 201 F.2d 671 (3d Cir. 1953). The commentators agree that members of the general public, as consumers, have no right of action under the Lanham Act. *See* 1 Callman, Unfair Competition, Trademarks and Monopolies, § 18.3 (p. 626) (3d ed. 1967); *Derenberg, supra,* at 1040–1041. Accordingly, the Court concludes that plaintiff has again failed to state any claim for relief within this Court's federal question jurisdiction.

2. Since the complaint continues to identify Florida as the "plaintiff," seeks damages to be awarded to the "plaintiff," names Florida as the class representative in this litigation and is signed by a Florida Special Assistant Attorney General, the State is not a nominal party, but rather retains a substantial interest in the litigation. Accordingly, its lack of citizenship controls upon the question of this Court's diversity jurisdiction. *See* ex parte Nebraska, 209 U. S. 436, 444–446, 28 S.Ct. 581, 52 L.Ed. 876 (1908); People of State of California ex rel. McColgan v. Bruce, 129 F.2d 421–423 (9th Cir.), cert. denied, 317 U. S. 678, 63 S.Ct. 157, 87 L.Ed. 544 (1942). Therefore, without determining at this time the issue of the right of Broward County to invoke this Court's diversity jurisdiction, the Court will grant the motion to dismiss the Second Amended Complaint without prejudice.

For the foregoing reasons, it is ordered and adjudged:

1. That defendants' Motion to Dismiss Second Amended Complaint be and the same is hereby granted;

2. That leave to the State of Florida to take an interlocutory appeal is hereby denied.

3. That the Second Amended Complaint be and the same is hereby dismissed with leave to the filing by Broward County of a third amended complaint on or before April 12, 1971;

4. That defendants shall have until April 26, 1971 to file motions with respect thereto; and

5. That a hearing on these motions be held on May 10, 1971 at 10:00 a. m.

Done and ordered at Miami, Florida this 25th day of April, 1971.

---

6. *See* General Pool Corp. v. Hallmark Pool Corp., 259 F.Supp. 383, 386 (N.D.Ill. 1966); Marshall v. Procter & Gamble Co., 170 F.Supp. 828, 835–836 (D.Md. 1959).