734 F.2d 1015
 STATE OF WISCONSIN (DEPARTMENT OF REVENUE; INCOME SALES,
INHERITANCE & EXCISE TAX DIVISION), Appellant,
v.
MARYLAND NATIONAL BANK, Trustee of Trust created by Rachel
H. Pettit under Agreement dated November 10, 1960; and T.
Hughlett Henry, Jr., Trustee of Trust Created by Rachel H.
Pettit under Agreement dated November 10, 1960, Appellees.
 No. 83-1437.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 1, 1983.
Decided May 22, 1984.
 
 Louis F. Friedman, Baltimore, Md. (Gary P. Aiken, Friedman & Friedman, Baltimore, Md., on brief), for appellant.
 Fenton L. Martin, Baltimore, Md. (Daniel H. Honemann, Clapp, Somerville, Honemann & Beach, Baltimore, Md., on brief), for appellees.
 Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The State of Wisconsin sued in the Maryland federal district court to enforce a judgment for her inheritance taxes she had obtained in a Wisconsin state court against the defendants, both of whom are citizens of Maryland. The district court declined to give the Wisconsin judgment full faith and credit, holding that the Wisconsin state court lacked personal jurisdiction to enter the judgment sued upon here. We are of opinion the district court did not have jurisdiction to inquire into the validity of the Wisconsin judgment, and thus vacate the judgment of the district court and remand the case with instructions to dismiss for want of jurisdiction.
 
 
 2
 To satisfy the requirements of federal diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(1), there must be a civil action between "citizens of different States." It is settled that a State is not a citizen for purposes of diversity jurisdiction, and that 28 U.S.C. Sec. 1332 does not deal with cases in which a State is a party. Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894); see Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973); Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 498 n. 3, 91 S.Ct. 1005, 1009 n. 3, 28 L.Ed.2d 256 (1971); O'Neill v. Early, 208 F.2d 286, 289 (4th Cir.1953). There is thus no diversity of citizenship present here under 28 U.S.C. Sec. 1332.
 
 
 3
 No other jurisdictional base is claimed and apparently none other is present. There is no federal question at issue. 28 U.S.C. Sec. 1251(b)(3), which gives the Supreme Court non-exclusive original jurisdiction over actions by a State against the citizens of another State, does not itself confer jurisdiction on the district courts for such suits. Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 498 n. 3, 91 S.Ct. 1005, 1009 n. 3, 28 L.Ed.2d 256 (1971).
 
 
 4
 There being no jurisdiction, the judgment of the district court is vacated and the case is remanded to that court with instructions to dismiss the same for want of subject matter jurisdiction.
 
 
 5
 VACATED AND REMANDED WITH INSTRUCTIONS.