STATE OF WEST VIRGINIA and the Honorable Arch A. Moore, Jr., Governor, Plaintiffs,

v.

ANCHOR HOCKING CORPORATION, a foreign corporation, and Newell Company, a foreign corporation, Defendants.

Civ. A. No. 87–0140–C(K).

United States District Court, N.D. West Virginia, Clarksburg Division.

Dec. 21, 1987.

Charles G. Brown, Atty. Gen., Bradley Russell, Sr., Asst. Atty. Gen., Benjamin L. Bailey, Sp. Asst. Atty. Gen., Charleston, W. Va., for plaintiffs.

David D. Johnson and Larry W. Blalock, Charleston, W. Va., for defendants.

## ORDER

KIDD, District Judge.

This civil action is now before the Court on plaintiffs, State of West Virginia ("State") and The Honorable Arch A. Moore, Jr., Governor's ("Governor") motion to remand. On November 6, 1987, the defendants, Anchor Hocking Corporation ("Anchor Hocking") and Newell Company ("Newell") filed their joint verified petition for removal pursuant to 28 U.S.C. § 1446. Anchor Hocking and Newell assert that this Court has both federal question and diversity jurisdiction over this civil action.

Specifically, Anchor Hocking and Newell contend that this Court is bestowed with federal question jurisdiction as a result of plaintiffs' allegation contained in Count II of their complaint. Paragraph Number 14 of Count II states that:

The State of West Virginia, by allocating part of a discrete pool of job training funds for the defendants, has been damaged in the direct amount of One Hundred Sixty-two Thousand Six Hundred Ninety-two Dollars ($162,692.00) which represents the costs of training 202 employees of the defendant corporations.

Anchor Hocking and Newell state in Paragraph 8(b) of their verified petition that the "discrete pool" of funds referred to in Paragraph Number 14 of Count II of the complaint are federal funds provided to West Virginia under the mandates of the Job Training Partnership Act. 29 U.S.C. §§ 1501, et seq. The defendants further assert that a reading of Counts II and III supports the conclusion that the State and the Governor have alleged a federal question.

The plaintiffs, in their motion to remand filed on November 25, 1987, firmly profess that no federal statute or law is implicated in this civil action. They state, citing Justice Cardoza:

[That before a federal question can be found to exist,] 'a right or immunity created by the Constitution or laws of the United States must be an element, an essential element of the plaintiff's cause of action.' *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

The Supreme Court in *Gully*, further stated that "[a] genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto." *Id.* at 113, 57 S.Ct. at 97–98 (citations omitted).

It is well established that

[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams*, — U.S. ——, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Gully*, 299 U.S. at 112–113, 57 S.Ct. at 97–98; *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir.1985) ("To be removable to federal court under 28 U.S.C. § 1441 a state action must be within the original jurisdiction of the district court and its jurisdiction must be ascertainable from the face of the complaint") (quoting *Hunter Douglas, Inc. v. Sheet Metal Workers International Association*, 714 F.2d 342, 345 (4th Cir.1983).

Moreover, the "well-pleaded complaint rule" essentially "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 107 S.Ct. at 2429; *see Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 658, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon").

In a recent Supreme Court case of particular import here, the Court in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) held that:

[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

*Id.* 106 S.Ct. at 3237.

■ Anchor Hocking and Newell, in their removal petition, cite *Clinch v. Montana AFL–CIO*, 633 F.Supp. 872 (D.Mont. 1986) as providing a federal cause of action under the Job Training Partnership Act ("Act"), 29 U.S.C. § 1501 *et seq.* In *Clinch*, plaintiff was deemed to have been provided a cause of action under § 1553 of the Act. From a complete review of the Act it is apparent to this Court that the only private cause of action created thereunder would inure to the benefit of an employee who has been treated unfairly in light of the standards imposed under § 1553 or who has been discriminated against in violation of § 1577. Nowhere could it be construed that the Act provides

for a private cause of action to the State of Governor against the defendants here.

Furthermore, a "defendant cannot, merely by injecting a federal question [as a defense or otherwise] into an action that asserts what is plainly a state law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Gully*, 299 U.S. at 113, 57 S.Ct. at 98; *Cook*, 770 F.2d at 1275.

Accordingly, the Court is of the opinion that, consistent with the representations made by the State and the Governor in the motion to remand, Counts II and III of the complaint allege only state law claims. Thus, upon full consideration of the complaint, the memoranda filed by the parties and the authority cited herein, the Court is of the opinion and concludes as a matter of law that plaintiffs' complaint does not state a claim arising under the Constitution, laws or treaties of the United States for purposes of creating original federal question jurisdiction in this Court.

■ Anchor Hocking and Newell have, in the alternative, asserted in their verified petition that this civil action is properly before the Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq.* It is well settled that a state may not be considered a citizen in order to establish diversity jurisdiction. *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894); *State of Wis. (Dept. of Rev.) v. Maryland Nat. Bank*, 734 F.2d 1015 (4th Cir.1984). This is not disputed by Anchor Hocking and Newell.[1]

Likewise, Anchor Hocking previously stated that the Governor, in bringing this action in his official capacity as chief executive of the State, does so "for the benefit, not of himself, but of the citizens and residents of the state at large."[2] It appears to the Court that the Governor has filed the instant civil action in his official capacity as chief executive and "alter ego" of the State and does so seeking to benefit the "citizens and residents" of West Virginia. Therefore, to the extent Anchor Hocking and Newell contend that the Governor is a citizen in this civil action for purposes of diversity jurisdiction, such contention is unavailing. *Hughes–Bechtol, Inc. v. West Virginia Board of Regents*, 737 F.2d 540 (6th Cir.1984).

Finally, it is asserted by Anchor Hocking and Newell that:

> The real party-in-interest to the claims set forth in Count I and Counts III through V of the complaint ... is the Harrison County Industrial Development Authority ["HCIDA"]....

Verified Petition For Removal, at Page 5, Paragraph 9(b). In the alternative, the defendants suggest that the West Virginia Economic Development Authority ("EDA") is the real party in interest. A thorough review of the complaint establishes that the State and the Governor are the only party plaintiffs appearing in the style of this civil action. Further examination reveals that the allegations contained in the complaint support requests for relief which are specific to the plaintiffs and not the HCIDA or EDA.

The Court being mindful of the well reasoned arguments propounded by Anchor Hocking and Newell finds that the State and Governor, and not HCIDA and EDA, have an inseparable and substantial stake in the outcome of this civil action. *See Krier–Hawthorne v. Beam*, 728 F.2d 658, 664, n. 8 (4th Cir.1984) (citing *Lester v. McFaddon*, 415 F.2d 1101 (4th Cir.1969).

---

1. *See* Defendant's "Memorandum in Opposition to Remand Motion" at Pages 2–3.

2. *See* Defendant's "Memorandum of Law In Support Of Motion To Dissolve Temporary Restraining Order And Dismiss Complaint" filed in *Arch A. Moore, Jr. v. Newell Corporation*, Civil Action No. 87–0117–C(K), (N.D.W.Va.1987), a related case previously filed and later dismissed by this Court. In the earlier related civil action, Newell successfully argued that Arch A. Moore, Jr., plaintiff, acting in his official capacity as Governor, was the "alter ego" of the State of West Virginia and the State was the "real party in interest" in that civil action. This Court's Order entered dismissing the action for lack of diversity of citizenship read, in pertinent part: "[T]hat although unnamed in the caption of this civil action, the State of West Virginia is the real party in interest in this action." Civil Action No. 87–0117–C(K) (N.D.W.Va.1987).

**1178**

The Court follows the rule that the party with the "substantial stake" in the outcome is the real party in interest for purposes of determining diversity jurisdiction. Further, the Court is guided here by the principle enunciated in *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), which requires the question as to the real party in interest to be determined from the "essential nature and effect of the proceedings." *Id.* at 464, 65 S.Ct. at 350; *see also Nuclear Engineering Co. v. Scott*, 660 F.2d 241 (7th Cir.1981). In this light, the Court, in examining the West Virginia Economic Development Authority Act, West Virginia Code §§ 31–15–1 *et seq.*, finds that the true stake holders in the outcome of this civil action are the citizens of West Virginia; thus, West Virginia has a real and legal interest in the outcome of this civil action. *See Ex Parte Nebraska*, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908). This finding is borne out by the complaint and a reading of the purpose of the West Virginia Economic Development Authority Act, contained in § 31–15–3.[3]

Therefore, the Court holds, for purposes here, that the State and the Governor, as "alter ego" of the State, are the real parties in interest for purposes of determining diversity jurisdiction. Even assuming for argument purposes that either HCIDA or EDA were determined to be the real parties in interest in this civil action, the Court is of the opinion under the nature and effect of the proceeding as it appears from the entire record, that the HCIDA and EDA are also agencies and alter egos of the State. *See Hughes–Bechtol, Inc. v. West Virginia Board of Regents, supra* 437 F.2d 540; *West Virginia State Bar v. Bostic*, 351 F.Supp. 1118 (S.D.W.Va.1972); *State of West Virginia v. Haynes*, 348 F.Supp. 1374 (S.D.W.Va.1972).

Therefore, the Court holds, for the reasons expressed above, that this civil action was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c).

Accordingly, it is ORDERED that plaintiffs' motion to remand is hereby GRANTED and this civil action shall be remanded to the Circuit Court of Harrison County, West Virginia.

---

**3.** West Virginia Code § 31–15–3 provides in pertinent part that:

The purposes of this article shall be to provide for the formation of a public economic development authority to promote, assist, encourage and, in conjunction with such banking corporations ... or other institutions to develop and advance the business prosperity and economic welfare of the State of West Virginia ... Such purposes are hereby declared to be public purposes for which public money may be spent and are purposes which will promote the health, safety, morals, right to gainful employment, business opportunities and general welfare of the inhabitants of the State.