**Dale A. BERRY, Jr., Plaintiff,**

v.

**PENNSYLVANIA PRESSED METALS, INC., Edward Lamont, The Gleason Works, Inc., and The Gleason Corporation, Inc., Defendants.**

No. 4: CV–93–1389.

United States District Court, M.D. Pennsylvania.

Jan. 14, 1994.

Theron G. Noble, Ferraraccio & Noble, Clearfield, PA, for plaintiff.

Dennis L. Murphy, Jones Day Reavis & Pogue, Pittsburgh, PA, for defendants Pennsylvania Pressed Metals, Inc., and Edward Lamont.

Harold A. Kurland, Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendants The Gleason Works, Inc., and The Gleason Corp., Inc.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

■ This action was removed to this court from the Court of Common Pleas of Cameron County, Pennsylvania. The asserted basis for federal subject matter jurisdiction is the existence of a federal question under the Job Training Partnership Act (JTPA), 29 U.S.C. §§ 1501–1781, based on a breach of contract claim alleged by plaintiff Dale A. Berry, Jr.

Plaintiff alleges that he was hired by defendant Pennsylvania Pressed Metals, Inc. (PA Pressed Metals) under a JTPA program on July 15, 1991. He states that he worked through August 6, 1991, at which time he was laid off due to a reduction in the work force. He alleges that he was recalled to work on or about August 9, 1991. A few days later, on August 12, 1991, he injured his wrist at work and was told by his physician to perform only light work and avoid using his right wrist for one month. Plaintiff alleges that when he relayed his physician's instructions to his supervisor, the latter became irate and refused to allow him to work that day. Berry did work the following three days, August 14, 15 and 16, 1991. Plaintiff's employment with PA Pressed Metals was terminated on August 16, 1991. (Plaintiff's complaint, paras. 15–30)

Plaintiff alleges two causes of action based on the foregoing chain of events: 1) a state law claim for wrongful termination in violation of Pennsylvania public policy (Count I); and 2) a state law claim that his discharge was a breach of the contract between PA Pressed Metals and the North Central Pennsylvania Regional Planning & Development Commission (North Central) under JTPA. Plaintiff alleges that he is an intended third party beneficiary of the North Central/PA Pressed JTPA contract.

Because the JTPA, the only asserted basis for federal jurisdiction, did not on its face

appear to provide for a contract action by a terminated JTPA employee, this court issued a rule to show cause directing the defendants to provide authority for the asserted federal jurisdiction over plaintiff's claims.

Defendants cite as authority for their position *Clinch v. Montana AFL–CIO*, 633 F.Supp. 872 (D.Mont.1986). In *Clinch, supra*, the court stated:

> The JTPA provides a cause of action for failure to provide benefits or conditions granted to other employees doing the same type of work. 29 U.S.C. § 1553. The JTPA further requires the employee to conform with a grievance procedure. 29 U.S.C. § 1544(a) and (b). Thus, the JTPA requires plaintiff 'to rely, explicitly or implicitly,' on the JTPA. The substance of plaintiff's compliant is a federal cause of action. The acts complained of were disputes concerning employment or work conditions. The action was properly removed to federal court.

*Id.* at 876. See also: *West Virginia v. Anchor Hocking Corporation*, 681 F.Supp. 1175, 1176–77 (N.D.W.Va.1987) (dicta).

For the reasons which follow, we elect not to follow the holding in *Clinch, supra*, and to follow instead the holding of the Sixth Circuit in *AFSCME Local 506 v. Private Industry Council*, 942 F.2d 376 (6th Cir.1991), which we find to be a more thorough and better-reasoned analysis.

In *AFSCME Local 506, supra*, the Sixth Circuit Court of Appeals concluded that no private cause of action triable in federal district court exists under the JTPA after analyzing JTPA under the four-part *Cort v. Ash* test for determining whether a private cause of action is implicit in a federal statute that does not expressly provide such a right. In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the Supreme Court listed four factors to be considered:

1) whether the plaintiff is of the class for whose especial benefit the statute was created;

2) whether there is any legislative intent, explicit or implicit, which either creates or denies a private remedy;

3) whether finding an implied cause of action is consistent with the underlying purposes of the legislative scheme; and

4) whether the cause of action is one that is traditionally left to state law such that it would be inappropriate to infer a cause of action based solely on federal law.

*Id.* "The central focus of the inquiry is congressional intent." *AFSCME Local 506, supra*, 942 F.2d at 378.

In analyzing the JTPA under this test, the court stated:

> .... JTPA was enacted primarily to benefit youth, unskilled adults, and other individuals facing serious barriers to employment ... However, to imply a private right of action "the language of the statute in question must do more than confer benefits, for '[t]he question is not simply who would benefit ..., but whether Congress intended to confer federal rights upon these beneficiaries.' ...

> The second Cort factor requires examination of the legislative history for evidence that Congress intended that a private right of action be available under the statute. AFSCME has identified no legislative history regarding a private cause of action under the JTPA.... [T]he legislative history is silent regarding a private right of action.... [I]mplying a private right of action on the basis of congressional silence is a hazardous enterprise at best.'....

> .... JTPA has a comprehensive administrative procedure for addressing complaints and grievances..... These provisions suggest that there is no implied private right of action under the JTPA because Congress "has established an elaborate system of administrative review, which would appear intended to be exclusive."....

> ....

> The third inquiry under *Cort* is whether implying a private right of action would be consistent with the underlying purposes of the legislative scheme..... [A]s noted earlier, the grievance procedures mandated by the JTPA provide the means for local workers to secure the protections afforded by section 1553(b). "Although it is

certainly possible that Congress would grant a private right of action concurrent with a system of agency oversight, it is difficult to understand, absent language to the contrary, what benefits would be gained from such dual review, particularly when judicial review of the Secretary's action is explicitly vested in the appellate courts." . . . .

The final *Cort* factor to be considered is whether the cause of action is one traditionally left to state law such that it would be inappropriate to infer a cause of action based only on federal law. This factor is easily satisfied because the protection AFSCME seeks is based on a federal statute and has no independent basis in state law. Thus, implying a private right of action under the JTPA "would not intrude upon matters of state concern." . . . .

*Id.* at 378–81 (citations omitted). After weighing all of these considerations "with the view toward discerning congressional intent", the Sixth Circuit concluded that there is no implied private right of action under section 1553(b)(3)(B) of the JTPA. *Id.* at 381.

Here, as in *AFSCME Local 506, supra*, it appears that the administrative procedures of the JTPA may provide relief for the plaintiff's claims. See, e.g., 29 U.S.C. §§ 1554 and 1578(a)(1). "Section 1574(g) authorizes the Secretary of Labor to take action or order corrective measures upon determining that any recipient 'has discharged or in any other manner discriminated against a participant or against any individual in connection with the administration of the program involved, . . . or otherwise unlawfully denied to any individual a benefit to which that individual is entitled under the [JTPA] . . . .' " *AFSCME, supra*, 942 F.2d at 380.

The conduct about which plaintiff complains, i.e. his discharge from PA Pressed Metals in alleged violation of the JTPA contract, would appear to be conduct which the Secretary is authorized to address under sec-

tion 1574(g). As the Sixth Circuit stated in *AFSCME, supra*, "[t]he final order of the Secretary would then be subject to judicial review in the court of appeals." *Id.*

Although there is some question in our mind as to whether the state courts have jurisdiction over a claimed violation of JTPA,[1] we will remand this case to the state court, based on the clear absence of federal district court jurisdiction.

No basis is alleged for the exercise of diversity jurisdiction. The facts pled do not support diversity. According to plaintiff's complaint, the plaintiff and two defendants, PA Pressed Metals and Edward Lamont, are Pennsylvania residents. Although defendants The Gleason Works, Inc. and The Gleason Corporation are alleged to have their principal places of business in New York, diversity must be complete.

Under the well-pleaded complaint rule, a defendant may not remove a case where there is no diversity of citizenship between the parties, unless the plaintiff's complaint establishes that the case arises under federal law within the meaning of 28 U.S.C. § 1331.[2] A case may not be removed solely on "the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Here, plaintiff's complaint plainly does not establish that the case arises under federal law. The only connection to federal law is the assertion that the contract between North Central and PA Pressed Metals was entered into under the JTPA. At most, JTPA may provide a defense for the defendants on the grounds that no claim can be brought in federal, or perhaps even state court, unless the plaintiff first exhausts his

---

1. In *AFSCME, supra*, the Sixth Circuit stated: "[T]he administrative procedure of the JTPA 'would appear intended to be exclusive.' " *Id.* at 381, citing *CETA Workers' Organizing Committee v. City of New York*, 617 F.2d 926, 934 (2d Cir.1980).

2. Section 1331 provides:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
   28 U.S.C. § 1331.

administrative remedies under the Act. Even when those remedies have been exhausted, *AFSCME Local 506, supra,* infers that plaintiff's only recourse, if he is dissatisfied with the outcome of those proceedings, is an appeal to the Circuit Court of Appeals. If that is so, jurisdiction never exists in federal district court of any JTPA claim over the type asserted here.

We will, therefore, remand this case to state court for lack of federal subject matter jurisdiction.