Kerry **WORTHINGTON**, Plaintiff,

v.

**SUBARU–ISUZU AUTOMOTIVE, INC., Defendant.**

No. 4:94cv 35 AS.

United States District Court,
N.D. Indiana,
Hammond Division
at Lafayette.

Aug. 16, 1994.

Michael C. Kendall, Kendall Law Office, Indianapolis, IN, for plaintiff.

Wayne O. Adams, III, David D. Robinson, Johnson Smith Densborn Wright and Heath, Indianapolis, IN, for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on the defendant's Motion to Dismiss. The plaintiff filed his complaint on April 29, 1994, alleging a federal cause of action under the Job Training Partnership Act, 29 U.S.C. §§ 1501–1781 ("JTPA"), and four supplemental state causes of action. The defendant filed a motion to dismiss on June 24, 1994, on the grounds that this court lacks subject matter jurisdiction, and there is no private right of action under the JTPA. This motion has been extensively briefed, and the court is now prepared to rule.

### DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (*citing, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). *See also, Dresser Industries v. Pyrrhus AG,* 936 F.2d 921, 933 (7th Cir.1991).

A dismissal for failure to state a claim was not intended to be a trap for unartful pleaders. Rather, this court looks to the root of the case and determines whether any set of facts could support a cause of action. Dismissal serves the very valuable function of saving judicial and party resources in cases where it would simply not be productive to proceed.

By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiff's allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

### DISCUSSION

#### A. Jurisdiction

In very well-written and cogent Memorandum and Reply briefs, the defendant contends that federal jurisdiction does not exist in this case. The defendant contends that there is no private cause of action under the JTPA, but rather it must be enforced by administrative means through the Secretary of Labor. Furthermore, only the United States Courts of Appeals, *not* District Courts, have jurisdiction (judicial review) over any administrative actions taken by the Secretary.

In *Berry v. Pennsylvania Pressed Metals, Inc.,* 846 F.Supp. 27 (M.D.Pa.1994), the defendant had removed from state to federal district court a cause of action purportedly under the JTPA, similar to the one before this court. In remanding the case to state court, the district court noted,

Here, as in *AFSCME Local 506 [v. Private Industry Council of Trumbull County ],*

*supra* [942 F.2d 376, 378 (6th Cir.1991) ] it appears that the administrative procedures of the JTPA may provide relief for the plaintiff's claims. *See, e.g.,* 29 U.S.C. §§ 1554 and 1578(a)(1). "Section 1574(g) authorizes the Secretary of Labor to take action or order corrective measures upon determining that any recipient 'has discharged or in any other manner discriminated against a participant or against any individual in connection with the administration of the program involved, . . . or otherwise unlawfully denied to any individual a benefit to which that individual is entitled under the [JTPA]. . . .' " *AFSCME, supra,* 942 F.2d at 380. The conduct about which plaintiff complains, *i.e.* his discharge from PA Pressed Metals in alleged violation of the JTPA contract, would appear to be conduct which the Secretary is authorized to address under section 1574(g). As the Sixth Circuit stated in *AFSCME, supra,* "[t]he final order of the Secretary would then be subject to judicial review in the court of appeals." *Id.*

*Berry v. Pennsylvania Pressed Metals, Inc.,* 846 F.Supp. at 30. The court noted "the clear absence of federal district court jurisdiction." *Id.; see* 29 U.S.C. § 1578(a)(1); *see also American Federation of State, County and Mun. Employees Local 506 v. Private Industry Council of Trumbull County,* 942 F.2d 376, 380 fn. 2 (6th Cir.1991).

There is nothing in the JTPA which would give this court jurisdiction.

### B. Failure to State a Claim

 The plaintiff tries to create federal jurisdiction by claiming a cause of action under the Job Training Partnership Act. The defendant contends that there is no private right of action under the JTPA. This issue is one of first impression in this circuit, but a reasoned analysis permits only one conclusion. The two courts of appeals which have analyzed this question have both concluded that no private right of action exists under the JTPA.

The plaintiff argues some of the facts of his case and puts forth his negative opinion of internal mechanisms such as the peer review panel, but states very little law in support of his desire for a private right of action. The only two cases he cites are *Clinch v. Montana AFL–CIO,* 633 F.Supp. 872 (D.Mont.1986) and a case which relies on *Clinch, State of West Virginia v. Anchor Hocking Corp.,* 681 F.Supp. 1175 (N.D.W.Va. 1987).[1] The plaintiff does not mention or acknowledge the courts of appeals decisions on this issue, both of which are more recent, more powerfully-persuasive precedent, and contrary to the view of *Clinch* and *Anchor Hocking.*

The district court in *Clinch v. Montana AFL–CIO* gave a cursory, one paragraph review of the subject. In finding that the case was properly removed to federal court, the court noted that the acts complained of fell under the language of the JTPA, and thus the plaintiff had a federal cause of action. *Clinch v. Montana AFL–CIO,* 633 F.Supp. at 876. There was no real analysis of the issue of the existence of a private cause of action that is now before this court, as apparently that issue was not raised.

In *State of West Virginia v. Anchor Hocking Corp.* the district court *remanded* the case to state court because it held that the plaintiffs, the State of West Virginia and the Governor of West Virginia, did *not* have a private cause of action under the JTPA. In dicta, the court cited the *Clinch v. Montana AFL–CIO* holding that employees have private rights of action under the JTPA, but the court in *Anchor Hocking* could hardly be said to have embraced the holding of *Clinch. See State of W.Va. v. Anchor Hocking Corp.,* 681 F.Supp. at 1176–77. At best, the court in *Anchor Hocking* was distancing itself from *Clinch,* and did not at all attempt to provide an in-depth analysis of the issue before this court. Furthermore, any holding in *Anchor Hocking* which could possibly help the plaintiff has been implicitly overruled by *New Beckley Min. Corp. v. International Union,*

---

**1.** *Review denied by* 857 F.2d 1469 (4th Cir.1988) (TABLE) (text in WESTLAW, 1988 WL 96126). The court noted that orders remanding improvi-

dently removed cases are not reviewable. *See* 28 U.S.C. § 1447(d) (1982).

*United Mine Workers of America,* 18 F.3d 1161, (4th Cir. (W.Va.) 1994).

This court is not persuaded by either *Anchor Hocking* or *Clinch.* The Fourth Circuit held this year in *New Beckley Min. Corp. v. UMWA* that

> 29 U.S.C. § 1554 [the JTPA] prescribes administrative remedies for grievances arising out of a training program. The Act confers on the Secretary of Labor broad authority to monitor training programs and to take appropriate action to assure compliance with the law. §§ 1573 & 1574. The Secretary's final order is subject to judicial review in the court of appeals. § 1578. **The lack of an express, private right of action and the pervasive administrative remedies demonstrate that Congress provided no private right of action** for persons aggrieved by the failure of a recipient of training funds to abide by the law.

18 F.3d at 1166. Likewise, the Sixth Circuit has analyzed this issue in *American Federation of State, County and Mun. Employees Local 506 v. Private Industry Council of Trumbull County,* 942 F.2d 376. After a detailed analysis under the factors of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Sixth Circuit held that there is no implied private right of action under section 143(b)(3)(B) of the JTPA. *AFSCME v. PIC,* 942 F.2d at 381; *see Berry v. Pennsylvania Pressed Metals, Inc.,* 846 F.Supp. at 29 (M.D.Pa.1994).

This court also notes the language of the regulations interpreting the JTPA:

> Nothing in the Act or this chapter shall: ... Be construed to create a private right of action with respect to alleged violations of JTPA or the regulations promulgated thereunder.

20 C.F.R. § 627.500(c). The law is clear and plain; the plaintiff has no private right of action under the JTPA. The plaintiff, rather than filing this suit, should have followed the grievance procedures required by the JTPA and if necessary appealed to the Seventh Circuit for judicial review of such.

## CONCLUSION

The plaintiff's alleged federal cause of action under the JTPA does not exist; it is **DISMISSED WITH PREJUDICE.** This court may and will decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c). Therefore, the state law claims are **DISMISSED WITHOUT PREJUDICE.** The Clerk will enter judgment accordingly. **SO ORDERED.**